[No. 11233. In Bank. — August 26, 1886.]

THE PEOPLE EX REL. JAMES BETTNER, APPELLANT, v. CITY OF RIVERSIDE, RESPONDENT.

70 461
79 360
70 461
e144 15
70 461
e147 778

MUNICIPAL CORPORATION — PROCEEDINGS FOR ESTABLISHMENT OF — NOTICE OF ELECTION — CITY OF THE SIXTH CLASS. — The notice of the election for the incorporation of the defendant recited that "a petition having been duly presented to the board of supervisors of the county of San Bernardino, signed by at least one hundred qualified electors of the county resident within the limits of the proposed corporation, which petition particularly set forth the boundaries of this proposed corporation, and stated the number of inhabitants therein to be about three thousand." *Held*, that the notice was sufficient to indicate to the voters that the proposed city would be of the sixth class, under the act of March 13, 1883.

ID. — INCLUSION OF LANDS NOT BENEFITED. — The propriety of establishing a municipality, and of including within its boundaries a particular territory, is in general a political question for the legislative department of the government; and if the course pursued in establishing a given municipality substantially complies with the statute, the courts will not interfere on the ground that certain territory would not derive any benefit from being included therein.

APPEAL from a judgment of the Superior Court of San Bernardino County.

The facts are stated in the opinion, and in the opinion of Mr. Justice Myrick in Department Two.

*Attorney-General Marshall*, and *Byron Waters*, for Appellant.

*Curtis & Otis*, and *H. C. Rolfe*, for Respondent.

FOOTE, C. — Department Two of this court affirmed the judgment of the court below, which had been rendered in favor of the defendant.

The only point advanced by the plaintiff on a rehearing questioning the correctness of that opinion is that the notice of the election given by the board of supervisors is defective in that there was nothing in it from which the voters could classify the proposed municipal corporation, or vote intelligently upon the question of incorporation.

The part of the notice material to the question raised is as follows:—

"Election notice to incorporate the city of Riverside:—

"A petition having been duly presented to the board of supervisors of the county of San Bernardino, signed by at least one hundred qualified electors of the county resident within the limits of the proposed corporation, *which petition particularly set forth the boundaries of this proposed corporation, and stated the number of inhabitants therein to be about three thousand,*" etc.

Before reading that petition, the voter was charged with notice of the fact that under the law of this state a city of the sixth class must be one not exceeding three thousand in population. Possessed of such knowledge, upon reading the notice under consideration, he would further perceive that he was to vote upon the question of incorporating or not a city to be called Riverside. That a petition had been presented to the board of supervisors which declared to such board that the proposed limits of the municipal corporation would contain about three thousand inhabitants. A reasonable interpretation of "about three thousand inhabitants" is three thousand inhabitants, and no excess above that. Thus the voter would be notified that the board of supervisors had received that information; and as there is nothing in the notice which indicates that the said board doubted that such statement was true, or gave expression to anything which would negative the idea that they had ascertained that the proposed corporation limits would contain three thousand inhabitants, the voter would come reasonably and naturally to the conclusion that he was to vote for or against the incorporation of a city to be called Riverside, the proposed limits of which would contain a population not exceeding three thousand; and as he already knew that such a city would under the act of March 13, 1883, be of the sixth class, we do not perceive but what the notice contained all that was

required to enable a voter to cast his ballot understandingly.

We perceive no reason why the judgment formerly rendered by Department Two should not be adhered to.

BELCHER, C. C., and SEARLS, C., concurred.

The COURT.—For the reasons given in the foregoing opinion, the judgment is affirmed.

The following is the opinion of Department Two above referred to, rendered on the 30th of January, 1886:—

MYRICK, J.—This action was brought to have it determined that the defendant unlawfully holds and exercises the franchise and powers of a municipal corporation. Two points are made on the appeal:—

1. The findings of fact are silent on the issue presented in the complaint that it was in excess of the jurisdiction of the board of supervisors to include within the boundaries of the proposed city any of the territory not settled upon and occupied as the village proper of Riverside; and that all action of said board including within the boundaries of the proposed municipality any territory except such village was unreasonable and oppressive, and therefore void, in that no territory other than the village would derive any benefit from being included therein.

The propriety of establishing a municipality, and of including within its boundaries a particular territory, is in general a political question for the legislative department of the government. If the course pursued in establishing that municipality be substantially such as is pointed out by the law-making department, courts do not interfere.

All the facts necessary to give the board of supervisors jurisdiction were found by the court below. From the facts thus found, it appears to us that the requirements of

the statute were substantially complied with. Therefore, whether or not the board of supervisors had jurisdiction to proceed became a question of law, and no finding was necessary. It was not necessary for the court to find whether or not territory not settled upon and occupied as a village proper was embraced within boundaries of the proposed municipality, or whether the territory would or would not derive benefit from being included.

2. That the notice of election did not state the number of inhabitants ascertained to reside within the boundaries.

The statute (Stats. 1883, p. 94) required the notice to state "the number of inhabitants so ascertained to reside therein." The object of this provision is that it may be known to which class the proposed municipality is to belong.

It appears from the findings that at the final hearing before the board of supervisors, the board ascertained and determined the number of inhabitants residing within the boundaries to be not less than five hundred, and not exceeding three thousand, and granted the petition with certain modifications as to territory; and the board caused notice of an election to be held under the statute, which notice, among other things, gave the number of inhabitants within the limits of the proposed corporation to be about three thousand. We think it sufficiently appears from the notice given that the proposed municipality would belong to the sixth class, which class, under the statute, embraces exceeding five hundred and not exceeding three thousand inhabitants.

Judgment affirmed.