FEATHERMAN ET AL., RESPONDENTS, *v.* HENNESSY ET AL., RESPONDENTS; MORSE, APPELLANT.

(No. 2,937.)

(Submitted May 9, 1911.   Decided May 18, 1911.)

[115 Pac. 983.]

*Water Rights—Change of Use—Power and Agricultural Purposes — Date of Appropriation—Trial — Findings—Exceptions—Review.*

Trial—Defective Findings—Exceptions—Review.
  1.  A party who fails to make exception in the district court to findings claimed by him to be defective, and to have the exception reserved in a bill of exceptions, may not complain of such defect on appeal.
Water Rights—Indefinite Findings—Appeal—Party Aggrieved—Harmless Error.
  2.  The court in a water right suit found appellant to be entitled to the use of a certain number of inches of water for "about two weeks in June" of each year.  *Held,* that though the court's failure to specifically ascertain the portion of the month to which appellant's use was to be confined rendered the finding vague and indefinite, appellant was not aggrieved, since he was left to his own choice in selecting the time of use, during the month of June, so long as he did not exceed the limit of two weeks, the lack of definiteness thus not working to his injury.
Findings—To be Construed Together.
  3.  All findings of the court must be construed together, and, if possible, such construction be given them as will sustain the decree; other-

wise a general finding, when inconsistent with a specific one, must be rejected and the decree held to be supported by the latter.

Water Rights—Change of Diversion and Use Permissible, When.

4. An appropriator of water may change the point of his diversion or use it for purposes other than that originally intended for it, provided the change does not affect injuriously the rights of subsequent appropriators.

Same—Change of Use from Power to Agricultural Purposes—Effect on Date of Appropriation.

5. Appellant appropriated 1,500 inches of water for power purposes in 1883. In 1905 he changed the use of ninety inches thereof from power to agricultural purposes, which changed use resulted in a consumption of the quantity so diverted. *Held,* that under these circumstances the change of use amounted *pro tanto* to a new appropriation, and that therefore the right to use such amount must bear the date at which the change from the original purpose was made, *i. e.,* 1905.

*Appeal from District Court, Granite County; Geo. B. Winston, Judge.*

ACTION by John A. Featherman and others against D. W. Hennessy, George W. Morse, and others. From a decree for plaintiffs, defendant Morse appeals. Affirmed.

*Mr. Geo. A. Maywood* submitted a brief and argued the cause orally, in behalf of Appellant.

*Messrs. Rodgers & Rodgers, Mr. W. L. Brown, Mr. Josiah Shull, Mr. J. H. Duffy,* and *Mr. W. E. Moore* submitted a brief in behalf of Respondents. Oral argument by *Mr. Hiram Rodgers* and *Messrs. Shull* and *Moore.*

MR. CHIEF JUSTICE BRANTLY delivered the opinion of the court.

This action was brought by plaintiffs against thirty-six defendants, including appellant herein, to have adjudicated the rights of the parties, respectively, to the use of the water flowing in Flint creek, in Granite county. Appeals by the defendant James McGowan, from the decree and an order denying his motion for a new trial, have heretofore been heard and determined. (See *Featherman* v. *Hennessy,* 42 Mont. 535, 113 Pac. 751.) Reference is made to the opinion delivered on those appeals, for a statement of the issues tried. In his answer the appellant claims

rights under separate appropriations, of different amounts at different dates, from April 1, 1870, up to October 6, 1883. No complaint is made of the action of the court in determining any of them, except the last, which consists of 1,500 inches, alleged to have been appropriated by appellant and one Dunkelberg on the date last mentioned, for the purpose of furnishing power to operate a gristmill, then owned by appellant and said Dunkelberg, but now, together with the water right, owned exclusively by the appellant, and to irrigate certain lands belonging to the appellant. So far as they concern this right, the findings and conclusions of the court are the following:

"Finding No. 1. * * * That each of the plaintiffs and each of the answering defendants herein, and they and each of their grantors and predecessors in interest, have since the respective dates of the several appropriations mentioned in these findings to the present time used the amounts of water mentioned in these findings, and which are found to have been appropriated and diverted by them and each of them, respectively, for irrigating their several lands and for mining, domestic and other useful purposes, and the use of said waters to the amount stated was and is necessary for the purposes mentioned. * * *

"Finding No. 49. * * * That on or about the 6th day of October, 1883, the defendant George W. Morse and his grantors and predecessors in interest appropriated and diverted from said Flint creek, by means of a ditch of sufficient capacity to carry the same 1,500 inches of the waters of said Flint creek, for the purpose of running a flourmill and a mill for chopping feed; and that said mill has since said time been operated by the said defendant George W. Morse about two weeks in June of each year, and in the months of September and October of each year. That the said waters so appropriated and diverted on October 6, 1883, were not appropriated or diverted or used for any other purpose than for operating said flourmill and mill for chopping feed; and after said use said waters flowed back into said Flint creek a very short distance below said mill, except that on or about April 1, 1905, the said defendant diverted and used about ninety inches of the said 1,500 inches of water for the purpose

of irrigating certain lands belonging to him and described in his answer herein.   And the use of said water must be confined in the future to such purposes and to the manner and times in and at which it has heretofore been used except that such may be changed to some other without injury to any other party to this action.   When the said George W. Morse is not using said water for the purpose of operating said mill, the said 1,500 inches of water so appropriated and diverted by him shall be available to any and all junior appropriators on said creek, excepting said ninety inches used by said defendant for irrigating his said lands, which said ninety inches of water the said defendant is and shall be entitled to for irrigating his said lands and as of date April 1, 1905.

"Conclusions of Law.   *   *   *   50.   That the defendant George W. Morse, for the purpose of irrigating his said land and for other useful and beneficial purposes, is the owner and entitled to the use of 1,500 inches of the waters of said Flint creek as of the date of October 6, 1883, for the purpose of operating the mill mentioned in findings of fact No. 49.   Reference is hereby made to said finding of fact No. 49 for the purpose of making it part of this conclusion of law No. 50, and for a more particular statement of the rights of said defendant Morse, and the manner and extent of his ownership and use of, in and to the said 1,500 inches of the waters of said Flint creek."

The decree is in conformity with these findings and conclusions, and declares the restrictions subject to which all the parties are entitled to the use of the amounts awarded to them.   It requires the appellant to limit the use of the 1,500 inches awarded to him subject to the rights of prior appropriators, to the times specified in finding 49 and exclusively for the purpose of generating power for his mill, except that, subject to a like restriction in favor of other rights used for agricultural purposes, he is permitted to use ninety inches of this amount for agricultural purposes, dating the initiation of this right on April 1, 1905. The appeal is from the decree.

Contention is made that finding 49 is indefinite and uncertain by reason of the use of the word "about," with reference to the

time in the month of June of each year during which appellant's use may continue, and hence is defective. It is also said that the finding is defective in that it does not designate what two weeks in the month of June the use may be had. There was no motion for a new trial. The record contains no bill of exceptions showing any objection to the findings, or request to have them amended in any particular. It consists of the judgment-roll alone. Section 6766, Revised Codes, declares that in no case shall a judgment be reversed for want of findings unless they shall have been requested as therein provided; and that when a case has been tried by the court, the judgment shall not be reversed on appeal for defects in the findings, or any of them, unless exception be made in the trial court because of such defect and the exception reserved in a bill. Section 6767 points out the mode by which the exception must be brought into the record. While it is incumbent upon the trial court in every case tried without a jury to make findings, unless they are waived by the parties (Rev. Codes, secs. 6763, 6765; *Bordeaux* v. *Bordeaux,* 43 [1] Mont. 102, 115 Pac. 25), yet the party who fails to pursue the course pointed out in sections 6767, *supra,* and 6768 cannot complain either that the duty enjoined by section 6764 has been omitted, or that the result of an effort to perform it is defective. (*Grogan* v. *Valley Trading Co.,* 30 Mont. 229, 76 Pac. 211; *Gallagher* v. *Cornelius,* 23 Mont. 27, 57 Pac. 447; *Bordeaux* v. *Bordeaux, supra.*) Therefore, though it be conceded that the finding is defective in the first particular complained of, the decree may not be reversed for this reason, if by any reasonable construction the finding supports it.

The word "about," used in connection with expressions of distance, number, etc., ordinarily signifies "nearly, approximately, almost." (Century Dictionary.) In the same connection, too, it is sometimes construed to mean "not exceeding." (*People ex rel. Bettner* v. *City of Riverside,* 70 Cal. 461, 11 Pac. 759; *Simpson* v. *New York etc. R. Co.,* 16 Misc. Rep. 613, 38 N. Y. Supp. 341; 1 Words and Phrases, 25.) When used in statements of courses and distances, if there are no other

words rendering it necessary to retain it, it is discarded as without significance, and the course or distance, as the case may be, is taken as positively stated. (1 Words and Phrases, 21, 23, and citations.) Evidently the court intended to fix a definite time during and not to exceed which the use might continue, in the month of June; for no other words are used indicating that the intention was to state the time by way of estimate. Rejecting this word as without modifying force, the finding is made sufficiently specific as to the length of time. That the court did not [2] specifically ascertain the portion of the month to which appellant's use had theretofore been confined renders the finding and provision in the decree based thereon vague and indefinite; but appellant is not aggrieved by it, and hence is not in a position to complain. He is left to his own choice to select the time of use, subject only to the proviso that he does not exceed the limit of two weeks. The owners of subsequent rights on the stream above the point of appellant's diversion might well insist that they cannot ascertain definitely during what portion of the month they must refrain from diverting water through their ditches, and thus avoid a violation of the injunction feature of the decree. This lack of definiteness does not affect the appellant, and, since the owners of these subsequent rights do not complain, this court must presume that they are satisfied with the findings as they stand.

Complaint is made that paragraphs 1 and 49 of the findings quoted are inconsistent in that, in paragraph 1, the court found in effect that appellant has since the date of his appropriation used his right continuously, whereas in paragraph 49 the use is limited to specific months during the year; and in that the use of ninety inches for agricultural purposes is found to have been initiated on April 1, 1905, thus postponing this amount of the right in point of time for twenty-two years, whereas it should have been assigned the date of the original appropriation. If we understand appellant's counsel, his argument is that because of this inconsistency the findings do not furnish support to the decree. There is no inconsistency in the findings. Paragraph

1 is a general introductory finding, applicable to the rights of all the defendants, and is to be construed with the specific findings. Standing alone, it would be meaningless, because it does not make specific mention of any particular right, and becomes intelligible only when read in connection with the specific finding as to each separate right, including that of appellant described in paragraph 49. It might have been omitted altogether without affecting the sufficiency of the specific findings, which furnish ample support for the decree, even though it be conceded that these findings are inconsistent with it, as appellant insists. All of the [3] findings must be construed together, and, if possible, such construction be given them as will sustain the decree; otherwise a general finding, inconsistent with the specific finding, must be rejected and the decree held to be supported by the specific finding. (*Larkin* v. *Upton*, 144 U. S. 19, 12 Sup. Ct. 614, 36 L. Ed. 330.) What the facts are as shown by the proof, with reference to the use of the appropriation in question, of course we cannot know; but having found the facts as stated in paragraph 49, the court properly limited the use to the time and purposes for which appellant had made his appropriation and theretofore used it, subject to such changes only, as to the purpose and place of use, as could be effected without infringement of the rights acquired by others pending such use.

The right to the use of water in the streams of this state is public. "As between appropriators, the one first in time is first in right" (Rev. Codes, sec. 4845) ; but when the first appropriator has finished his use he must return the water to the stream, to be used by subsequent appropriators (Rev. Codes, sec. 4844). [4] But though he may change the point of diversion or may use it for other purposes, his right to do so is subject to the well-settled rule that the change may not affect injuriously the rights of subsequent appropriators. (*Gassert* v. *Noyes*, 18 Mont. 216, 44 Pac. 959; *Head* v. *Hale*, 38 Mont. 302, 100 Pac. 222; Kinney on Irrigation and Water Rights, sec. 234; Rev. Codes, sec. 4842.) Upon the facts found in paragraph 49 and in the conclusion based thereon, the court properly limited the original appropria-

tion to the purpose of generating power, with the right to change this use so as not to infringe upon the rights of others.

The use of ninety inches for agricultural purposes was found [5] to have been initiated on April 1, 1905. This was a change of the original use and resulted in a consumption of the quantity so diverted to the new use, and therefore amounted *pro tanto* to a new appropriation. Such being the case, under the rule above stated, the court reached the proper conclusion, to-wit, that the right to use this amount for this purpose must bear the date at which the change was made.

There is some doubt, upon the record before us, whether or not all the adverse parties were properly served with the notice of appeal. In their brief counsel for respondents have submitted a motion to dismiss the appeal for this reason. The conclusion we have reached renders it unnecessary to consider and determine this motion.

The judgment is affirmed.

*Affirmed.*

MR. JUSTICE SMITH and MR. JUSTICE HOLLOWAY concur.