### TOWN OF FAIRBANKS, ALASKA, v. BARRACK et al.*

(Circuit Court of Appeals, Ninth Circuit. August 7, 1922.)

No. 3834.

1. Municipal corporations ⬧➡33(8)—Objectors owning property in territory sought to be annexed may appeal.

Objectors to annexation of territory to town, setting forth in their notice of protest that they are owners of substantial property interests in that territory, make a sufficient showing to allow them, under Laws Alaska 1921, c. 47, § 8, to appeal to the District Court from the commissioner's order of annexation, as persons feeling themselves aggrieved by the order.

2. Municipal corporations ⬧➡29(1)—Statute giving United States commissioners jurisdiction of annexation proceedings involves legislative, not judicial, power.

Though United States commissioners in Alaska are by Act June 6, 1900, § 6 (Comp. St. § 3566), ex officio justices of the peace, recorders, and probate judges, equity jurisdiction is not conferred on justices of the peace, in violation of the Organic Act, by Laws Alaska 1921, c. 47, providing that a town desiring to annex territory shall present petition therefor to the commissioner and ex officio recorder of the recording district, and the commissioner, if satisfied on a hearing that the required notice has been given, and that the annexation will be to the town's interests, and will cause no manifest injury to the owners of real estate in such territory, shall so find, and make and cause to be recorded an order declaring such territory a part of the town; the annexing of territory involving the exercise of legislative, and not judicial, power.

Appeal from the District Court of the United States for the Fourth Division of the Territory of Alaska; Charles E. Bunnell, Judge.

Petition by the Town of Fairbanks, Alaska, for annexation of territory, opposed by J. E. Barrack and others. From a decree setting aside the commissioner's order of annexation and dismissing the petition, the Town appeals. Reversed.

L. R. Gillette, of Fairbanks, Alaska, and Pillsbury, Madison, & Sutro, of San Francisco, Cal. (Alfred Sutro and Eugene M. Prince, both of San Francisco, Cal., of counsel), for appellant.

Morton E. Stevens, of Fairbanks, Alaska, for appellees.

Before MORROW and HUNT, Circuit Judges, and BEAN, District Judge.

HUNT, Circuit Judge. This is an appeal by·the town of Fairbanks, Alaska, from a decree of the District Court for Alaska, setting aside an order of the United States commissioner and ex officio recorder for Fairbanks precinct, for annexation of certain territory contiguous to the town of Fairbanks, and dismissing the petition of the town for annexation. It appearing that the value of the subject-matter exceeds $500, the motion to dismiss the appeal is denied.

In its petition filed with the United States commissioner, after averring jurisdictional matters, the town set up that the territory sought to be annexed had been receiving such benefits as the school system, fire protection, and telephone service without bearing any portion of the cost, and that the interests of all concerned would be served by the proposed annexation. Appellees and others, residents of Garden Island and the owners of substantial property interests thereon, filed a notice of protest to the annexation, specifying objections to the jurisdiction of the commissioner and to the validity of chapter 47 of the laws of Alaska of 1921. The commissioner overruled the objections to his jurisdiction, and found that the necessary notice had been given as required by law; that the annexation would be to the interest of the town of Fairbanks, and would cause no manifest injury to the real estate and property of any person; and that annexation as prayed for should be had. The objectors appealed to the District Court, which held that the order of annexation was invalid, on the ground that chapter 47, Laws of Alaska of 1921, is violative of the Organic Act (Comp. St. § 3528 et seq.), in that it attempts to confer equitable jurisdiction upon commissioners and ex officio justices of the peace.

Chapter 47, Laws of Alaska, provides for the annexation of territory to an incorporated town, and provides how any territory not heretofore incorporated, lying contiguous to any town, may become annexed under the provisions of the act. By section 4, whenever the common council of any town shall desire to enlarge the limits thereof by annexing territory contiguous thereto, they shall present a petition "to the commissioner and ex officio recorder of the recording district" in which the town is situated, setting forth by metes and bounds the territory sought to be annexed, and praying that said territory be annexed. Notice of hearing of said petition must be given as required by the act, and if upon a hearing the commissioner is satisfied that due and proper notice has been given as required, and that the annexation will be to the interests of the town, and will cause "no manifest injury"

to the persons owning real estate in the territory sought to be annexed, he shall so find, and shall make an order declaring such territory a part of the corporate limits "of such town, and shall cause such order to be recorded, and the territory so ordered to be annexed shall thereupon become part of such * * * town." Section 8 provides that the common council, or trustees, or any person "feeling himself aggrieved by the order" of such commissioner, may appeal from such order to the United States District Court in the manner provided for appeals from the justice's court in civil cases, by filing a good and sufficient bond conditioned for the payment of all costs of the hearing.

Two principal grounds are assigned as error:   (1) That it does not appear that appellees had any remedial interest in the annexation proceedings, which would support their appeal to the District Court from the commissioner's order; and (2) that the District Court erred in concluding that chapter 47 confers equitable jurisdiction on justices of the peace.

[1] We are of opinion that in their primary proceedings the objectors made a sufficient showing to invoke the jurisdiction of the commissioner and ex officio recorder.  In their notice of protest they set forth that each was over the age of 21 years and the owner of substantial property interests in that portion of land sought to be annexed in the proceedings, and that for various reasons, which were stated at length, the commissioner was without jurisdiction in the premises.  We believe that the filing of the protest was an appearance, and that the objections and protest constituted a substantial compliance with the statute.  We hold, too, that the objectors were entitled to appeal from the order of the commissioner, provided they followed the manner prescribed for appeals from justice's courts in civil cases. The manner of appealing from a justice's court to the District Court is covered by sections 1828, 1829, 1830, 1834, 1835, and 1836, Compiled Laws of Alaska.  In compliance with the sections cited, objectors gave notice of appeal and furnished a bond.  A transcript was then filed in the District Court, and the appeal was perfected (section 1835), and the matter stood for hearing.  It follows that the District Court properly overruled the motion to dismiss the appeal of the objectors.

[2] This brings us to the question whether the court was correct in holding that chapter 47, supra, contravenes the provisions of the Organic Act of Alaska, and amendments thereto, and is therefore invalid. It is our opinion that the District Court erred in regarding the functions of the commissioner in the premises as "purely judicial" and on the equity side of the court.  By section 4 of the Organic Act for Alaska (37 Stat. 513; Comp. St. § 3531), the legislative powers and authority are vested in a Legislature, and by section 3536, Comp. St., the legislative power extends to all rightful subjects of legislation not inconsistent with the Constitution and laws of the United States.  In finding whether the proper notice of proposed annexation has been given and whether upon a hearing such proposed enlargement by annexation will be to the interest of the town, and will cause no "manifest injury" to realty holders in the territory sought to be annexed,

the commissioner acts by the authority conferred upon him as a recorder and his act is legislative rather than judicial. The better reasoning is that the creation of municipalities, and the defining of the extent of the boundaries thereof, involve the exercise of legislative, not judicial, power. Forsyth v. Hammond, 71 Fed. 443, 18 C. C. A. 175. That case was reversed by the Supreme Court (166 U. S. 506, 17 Sup. Ct. 665, 41 L. Ed. 1095), but not upon the point here involved (In re Village of Ridgefield Park, 54 N. J. Law, 288, 23 Atl. 674; In re North Milwaukee, 93 Wis. 616, 67 N. W. 1033, 33 L. R. A. 638; People v. Riverside, 70 Cal. 461, 9 Pac. 662, 11 Pac. 759; Glaspell v. Jamestown, 11 N. D. 86, 88 N. W. 1023.

Some earlier cases held otherwise, as Callen v. Junction City, 43 Kan. 627, 23 Pac. 652, 7 L. R. A. 736 (1890), but their reasoning is far from convincing, and in City of Emporia v. Randolph, 56 Kan. 117, 42 Pac. 376 (1895), the Supreme Court of Kansas disapproved of the former decision, with emphatic declarations that a judge who passes upon a petition to extend the corporate limits of a city acts not in a judicial, but a legislative, capacity. In Farrell v. Sibley County, 135 Minn. 439, 161 N. W. 152 (1917), by petition it was sought to enlarge an independent school district by adding contiguous territory. After presentation to the board of county commissioners and the filing of a remonstrance, the petition was denied, whereupon, as authorized by statute, appeal was taken to the District Court, where, after hearing, the order of the county board was reversed, and a judgment ordered granting the prayer of the petition. From this order the remonstrants appealed. The Supreme Court held that the matter of establishing or enlarging boundaries, or dissolving municipal corporations, is purely legislative, but that a limited jurisdiction by way of appeal from the legislative body might be conferred upon courts by legislation. Continuing, the court said:

"But the jurisdiction thus conferred is necessarily confined to questions affecting the legality of the proceedings, the jurisdiction of the board or officer whose decision is sought to be reviewed, and, as to the merits of the controversy, whether the order or determination in a particular case was fraudulent, arbitrary, or oppressive, or an unreasonable disregard of the best interests of the territory affected."

The court held that whether the best interests of the affected territory would be enhanced by the proposed change was a question submitted to the county commissioners, but that on appeal that question did not confront the court, as the judicial inquiry was narrowed, and that "aside from questions of law going to the regularity of the proceedings and the jurisdiction of the local board or tribunal," it is limited to an inquiry into the character, rather than the propriety or necessity, of the order.

The Alaska statute (chapter 47) should be construed in harmony with the general rule laid down in the cases cited, as United States commissioners in Alaska are by law (31 Stat. 323; Comp. St. § 3566) ex officio justices of the peace, recorders, and probate judges, whose duty it is to exercise all the powers, civil and criminal, imposed or conferred upon the United States commissioners by the general laws

of the United States and the special laws applicable to the district. By Act of August 29, 1914 (38 Stat. 710; Comp. St. § 3544a), nothing in the organic act shall be construed to prevent the Legislature passing laws imposing additional duties not inconsistent with the present duties of their respective offices upon commissioners acting as justices of the peace and recorders. As it is the recorder (section 3577, Comp. St.) who, in Alaska, performs the duties of recording of deeds, certificates, and judgments, it cannot be doubted that in respect thereto he acts in a purely ministerial capacity, and it is clear that with such duties he may be required to consider and decide whether the conditions exist which authorize the annexation of territory to a municipality. Forsyth v. Hammond, 71 Fed. 443, 18 C. C. A. 175; Field v. Clark, 143 U. S. 649, 692, 12 Sup. Ct. 495, 36 L. Ed. 294; City of Oakland v. Snow, 145 Cal. 419, 78 Pac. 1060.

In the appeal to the District Court the questions before the court are restricted to inquiry into the jurisdiction of the commissioner and recorder, to the regularity of the proceedings before him, and, it may be in a proper case, to ascertaining whether the action of the commissioner and recorder was so unreasonable as to be arbitrary or oppressive. It would by no means be beyond the power of Congress to give the District Court in Alaska power to revise the whole proceeding, or to give the Legislature of the territory power to confer such authority upon the courts. Forsyth v. Hammond, supra. But, even upon the assumption that Congress has granted to the Legislature of Alaska general power to vest legislative duties upon judicial officers, we are not clear that, by section 8 of chapter 47, the judicial investigation authorized may extend farther than to review those questions which are legal, and not legislative in character.

The judgment of the District Court is reversed, and the cause is remanded, with directions to proceed as indicated in this opinion.

Reversed.