In the Matter of the **ANNEXATION TO THE CITY OF ANCHORAGE, ALASKA, OF CERTAIN PROPERTY** Contiguous Thereto, as Hereinafter More Particularly Described, (**LAKE OTIS**).

In the Matter of the **ANNEXATION TO THE CITY OF ANCHORAGE, ALASKA, OF CERTAIN PROPERTY** Contiguous Thereto, as Hereinafter More Particularly Described, (**ROGERS PARK**).

In the Matter of the **ANNEXATION TO THE CITY OF ANCHORAGE, ALASKA, OF CERTAIN PROPERTY** Contiguous Thereto, as Hereinafter More Particularly Described, (**SPENARD**).

In the Matter of the Incorporation of the **CITY OF SPENARD** as a City of the First Class.

Nos. A–12187, A–12229, A–12230, A–12318.

District Court, Alaska
Third Division, Anchorage.
Nov. 29, 1956.

James M. Fitzgerald, City Atty., Anchorage, Alaska, for petitioners in cases Nos. 12,229, 12,230 and 12,318.

Verne O. Martin, Anchorage, Alaska, for petitioners in case No. 12,187.

Edgar Paul Boyko, Anchorage, Alaska, for interested parties in cases Nos. 12,-229, 12,230 and 12,318.

Raymond Plummer and John Manders, Anchorage, Alaska, for interested parties in case No. 12,187.

McCARREY, District Judge.

Proceedings for annexation of certain areas contiguous to the City of Anchorage, Territory of Alaska, and for the incorporation of a part of these same areas into a separate city of the first class, have been consolidated for the purpose of disposing of common motions to dismiss. The motions to dismiss are based on the same ground, that is, that the statutes granting the District Courts of the Territory the right to review petitions for annexation and for incorporation and to order elections and further proceedings to establish the annexation or incorporation are improper delegations by the Territorial Legislature of non-judicial duties and, therefore, void.

Annexation is provided for by sections 16–1–21 to 16–1–28, A.C.L.A.1949, as amended by Session Laws of Alaska 1951, c. 7, and Session Laws of Alaska 1953, c. 25. Section 16–1–22 provides that:

"The court shall make diligent inquiry as to the reasonableness and justice of the petition and if the court be satisfied from proofs and evidence that no private rights will be injured by granting the petition and *if it is just and reasonable* that the annexation take place, the court shall, unless it be shown that the petition is not bona fide or that one or more of the signers thereto are not owners of substantial property rights as herein provided or fails to comply with the requirements of this act in any other respect, order an election." (Emphasis supplied.)

Incorporation procedure is set up at sections 16–1–1 to 16–1–8, A.C.L.A.1949, part of which provides:

" * * * the judge shall give a fair hearing to those who are in favor of and to those who are opposed to the same; and *if he be satisfied that it is for the best interest and welfare of the community to incorporate* as a city, he shall, by order, so adjudge; and he may, by the order, change or modify the proposed boundaries." (Emphasis supplied.)

The parties moving for dismissal base their motion on three recent decisions of the court of appeals for this circuit. Bordenelli v. United States, 9 Cir., 1956, 233 F.2d 120; Boggess v. Berry Corporation, 9 Cir., 1956, 233 F.2d 389; In the Matter of the Application of L. B. & W. 4217, 9 Cir., 1956, 238 F.2d 163. Each of these matters concerns the issuance of liquor licenses in the Territory, a duty which had been placed on the courts by the Territorial Legislature in the enactment of sections 35–4–11 to 35–4–14, A.C.L.A.1949, as amended by Session Laws of Alaska 1953, c. 131. In each case the statute was struck down by the appellate court as an improper delegation of non-judicial duties. The circuit court has clearly established that imposition of administrative and legislative duties upon the district courts is beyond the authority of the Territorial Legislature. Bordenelli v. United States, supra, 233 F.2d at page 125.

It is well established that the district courts in the territories are on different footing than those in the United States proper, and that Congress may impose duties upon them that it would be powerless to impose upon the district courts in the states. Keller v. Potomac Electric Power Co., 1923, 261 U.S. 428, 43 S.Ct. 445, 67 L.Ed. 731; Federal Radio Commission v. General Electric Co., 1930, 281 U.S. 464, 468–469, 50 S.Ct. 389, 74 L.Ed. 969. In Boggess v. Berry, supra [233 F.2d 391], the court of appeals said:

"The District Court for Alaska is a 'legislative' court created under the Congressional power to 'make all needful Rules and Regulations respecting the Territory * * * belonging to the United States', U.S. Const. Art. IV, § 3, Cl. 2, rather than

a 'Constitutional' court created under Article III, § 2 [Citations]; and as such can be empowered by Congress to perform legislative and administrative functions as well as judicial * * * functions."

The issues to be determined are first, the characterization of annexation and incorporation proceedings, and second, assuming that they are either legislative or administrative duties, whether the Congress has delegated them to the district courts in Alaska.

In the case of In re Annexation of Slaterville, D.C.Alaska, 4th Div.1949, 83 F.Supp. 661, a demurrer was filed placing in issue the right of the district court to hear annexation proceedings. The court held that this was a legislative matter, 83 F.Supp. at page 663, and concluded that Congress had authorized the district courts to determine such matters. With due deference to this interpretation, unfortunately I am unable to reach the same conclusion. I can, however, at least agree in the characterization. Town of Fairbanks, Alaska v. Barrack, 9 Cir., 1922, 282 F. 417, 420, certiorari denied 261 U.S. 615, 43 S.Ct. 361, 67 L.Ed. 828; Forsyth v. City of Hammond, 7 Cir., 1896, 71 F. 443, reversed on other grounds, 1897, 166 U.S. 506, 17 S.Ct. 665, 41 L.Ed. 1095.

The city attorney for the City of Anchorage has supplied this court with authority from the state courts of Colorado, Idaho, Michigan, Utah and Illinois, which indicates that the supreme courts of these states have at one time indicated that they consider annexation proceedings a judicial duty. The Supreme Court of the State of Colorado, in the case of Martin v. Simpkins, 1895, 20 Colo. 438, 38 P. 1092, considered the same question at some length. We are not advised of the exact language of Colorado's annexation statute and have little to indicate similarity with the Territorial statute cited above. The same is true of the other state court decisions. With all due respect, however, to their interpretations and reasoning, I am of the opinion

that a statute which allows the court to determine the propriety of the addition of property to a municipal corporation dependent upon justice and reasonability, § 16–1–22, A.C.L.A.1949, and the propriety of incorporation dependent upon the best interest and welfare of the communities § 16–1–1, A.C.L.A.1949, can hardly be construed to be anything but a delegation of legislative powers. Counting the names of signatories on petitions for incorporation or annexation and canvassing the vote cast, as required by the statutes, cannot be construed to be judicial duties.

The more serious question presented by the motion to dismiss is the second point, that is, whether Congress has delegated such duties. As the petitioners point out, and as Judge Pratt narrated at length in the Slaterville case, supra, Congress has imposed certain of these duties upon the district courts. The Fifty-Sixth Congress, in 1900, provided for the incorporation of towns in the Territory. 31 Stat. 520. This act gave the court certain discretionary powers of a legislative nature:

"Any community having three hundred permanent inhabitants may incorporate as provided in this Act. A petition shall first be presented to the judge of the United States district court presiding over the division wherein the community is located * * * the court shall hear objections to the incorporation made by interested parties, and, *if satisfied that the public interests require the incorporation*, by order, may make changes in the boundaries, and shall set forth the name thereof and give due notice of an election for the purpose of determining whether the same shall be incorporated." (Emphasis supplied.)

A more extensive enactment was passed in 1904 by the Fifty-Eighth Congress, 33 Stat. 529, but the provisions were essentially similar. Neither act provides for annexation.

■ It is the opinion of this Court, based upon acts of 1900 and 1904, that Congress has delegated to the District Courts of the District of Alaska the duty of hearing incorporation proceedings. This is within their power to do and, accordingly, I am without power to refuse to act. I am of the opinion, however, that such congressional enactments must be strictly construed. Bordenelli v. United States, supra; Town of Fairbanks, Alaska v. Barrack, supra. In the Bordenelli case [233 F.2d 122], the court of appeals stated that where the Congress had delegated non-judicial duties to the courts, or where they had given the Territorial Legislature the power to delegate such duties, it is incumbent upon them " * * * to stay strictly within the limits of the power granted". I am convinced, based upon this legislative construction, that Congress has never, to this date, evidenced an intent to impose the duty of hearing annexation proceedings upon the court and, accordingly, I must adhere to the reasoning of the decisions of the court of appeals in the liquor license cases supra and hold that I am without jurisdiction to hear annexation matters. I am of the further opinion that annexation and incorporation are two distinct and separate problems and the mere fact that the court is authorized to change boundaries in incorporation hearings, as was argued by counsel as analogous, does not inferentially include the duties required to effect annexation.

The library facilities available to this Court are inadequate, especially in regard to the statute law of the various states. For this reason, an exhaustive research of state legislative treatment of these matters is impossible. The limited authorities to which we do have access indicate that state legislatures have treated the two duties as separate and distinct. In Iowa and Oregon, incorporation is heard before the state courts, while annexation is determined through petition to the city legislative body. Code of Iowa, 1950, § 362.1 and § 362.31, and Oregon Revised Statutes, 221.030 and

222.110. The difference is that in the former the sovereign creates a new entity; in the latter, it merely adds territory to an existing instrumentality.

Judge Pratt, in the Slaterville case, supra, concluded that the congressional enactments referred to above authorized the District Courts of Alaska to hear annexation matters. I am unable to infer this.

This Court is confined to that which Congress delegates and annexation has not been delegated. The Territorial Legislature has been given broad power in this regard by the Organic Act. 37 Stat. 512; § 4-2-1, A.C.L.A.1949, 48 U.S. C.A. § 77. It is endowed with congressional authority to enact proper enabling legislation for the determination of these matters through administrative bodies, thus the Territory is not without an avenue of relief.

■ Counsel proposing the motion to dismiss argue in support of their position that the congested calendar in this division should be given consideration in disposing of the motion to dismiss. I am not persuaded by this reasoning and expressly state that it has not entered into my consideration of these motions. Nevertheless, I feel compelled to comment on this point of their argument. Three of the four district courts for the District of Alaska are years behind in the disposition of their work. This is principally caused by two factors. One factor is the delegation by Congress and the Territorial Legislature of non-judicial functions upon the district courts. Until recently the courts were required to issue liquor licenses. Sections 35-4-11 to 35-4-14, A.C.L.A.1949. The Court and personnel have the responsibility of supervising the Territorial elections. Sections 38-4-1 to 38-9-16, A.C.L.A.1949, as amended. The second factor is the failure of Congress to take action to appoint additional judges to meet the minimum needs of the constantly-increasing Alaskan litigation.

Any one who is acquainted with the facts would not deny that the weight of

responsibility in the District Courts of Alaska materially contributed to the untimely deaths of two able jurists—Judge A. J. Dimond and Judge George W. Folta. To say that all Alaskan district judges should pay this price for appointment to this esteemed and honorable position is not contemplated in the law nor justified in principle. The attitude of Congress and the Territorial Legislature, however, seems to indicate that such is a natural hazard to be assumed by acceptance of the position.

It is ordered that the motions to dismiss as to cases 12,229, 12,230 and 12,318 are granted and that the motion to dismiss for want of jurisdiction in case 12,-187 is denied. The decision on the petition in 12,187 is reserved.