**FIDELITY FINANCE COMPANY, Plaintiff-Appellee, v. HARRIS et, Defendant-Appellant, and nine other cases.**

Ohio Appeals, Eighth District, Cuyahoga County.

Nos. 23409 to 23418, inclusive. Decided May 25, 1955.

J. M. Costello, Cleveland, for plaintiff-appellee.
Paul Mancino, Cleveland, for defendant-appellant.

**OPINION**

By KOVACHY, PJ.

These cases are appeals from the Euclid Municipal Court on questions of law. In each, Appellant, Delbert S. Cohon, was summarily adjudged guilty of contempt of court and sentenced. The actions found to be contemptuous on his part are identical in each case and consequently, but one of the cases above listed, requires determination on our part to dispose of all.

We select the case of the Fidelity Finance Company v. Emory Harris. The essential facts before the trial court were the following:

On June 25, 1954, Appellant, Delbert S. Cohon, as attorney for the Fidelity Finance Company, obtained a judgment by confession on a petition and answer based upon a promissory note and warrant of attorney signed by Emory Harris, together with an Order in Aid of Execution signed by the Judge.

Four documents, filed with the Clerk of the Court, contained affidavits purportedly signed by one, John Charleston, with jurats affixed by appellant, Delbert S. Cohon, Notary Public. These were:

1. The Petition
2. A Military Affidavit
3. Statutory Demand certifying service on the debtor.
4. Aid of Execution.

On June 30, 1954, the Aid was served on the garnishee and on July 12, 1954, the proceedings in Aid of Execution were sustained.

On September 7, 1954, the Judge, on his own initiative, caused the following journal entry to be placed upon the records of the case.

"It having been brought to the attention of this Court that the name of one, John Charleston, appears on certain affidavits filed in this Court in the above entitled case; and it appearing that the garnishee, subject to order of the court, has paid certain monies of the defendant into court; and it further appearing that the identity and existence of the said John Charleston is in question; and that the legal entity of the plaintiff is not defined; this Court, therefore, orders said plaintiff and plaintiff's counsel, Delbert S. Cohon, to produce the said John Charleston in open court on September 13, 1954, and show cause why the aid

proceedings should not be dismissed, the monies released to the defendant, the judgment vacated and the cause of action dismissed. NOW THEREFORE, the clerk is directed to place this matter on the docket of the court for hearing at 9:30 A. M. on Monday, September 13, 1954. And the bailiff is directed to serve a copy of this order on Delbert S. Cohon, attorney for plaintiff, make due return thereof, and the costs of this proceeding to be taxed against the plaintiff. It is further ordered that all proceedings in this action be stayed until further order of the court. Order see journal."

A hearing had in accordance with this Journal Entry resulted in the following entry appearing upon the Journal of the Court on November 22, 1954:

"This cause came on for hearing on the 16th day of September, 1954, upon order of the Court heretofore issued requiring in part, Delbert S. Cohon, attorney of record at the time of the taking of judgment in the within case, and the issuance of the various orders, to produce in open court one John Charleston whose alleged signatures appear on the various pleadings and affidavits filed herein. Present were Delbert S. Cohon, with his attorney, Paul Mancino, Morris Blane, Esq., representing the plaintiff, and J. M. Costello, Esq. designated as Amicus Curiae by this Court, and his associates, Paul W. Dixon and James L. Ryhal, Jr. There were before the Court nine additional cases in which a similar order had been issued requiring Delbert S. Cohon to produce John Charleston in open court, and it was agreed by the parties that the testimony and the arguments submitted should be considered as if presented in each case. Testimony was taken and the cause was argued to the Court. The court finds that Delbert S. Cohon has not produced John Charleston in open court; that "John Charleston" is admitted by Delbert S. Cohon to be a ficticious name used by Delbert S. Cohon in the various pleadings herein; that Delbert S. Cohon is not able to identify the signer of any signature of "John Charleston" appearing on the various pleadings filed herein; that Delbert S. Cohon testified that at least some of the signatures were those of his office personnel who signed either upon direction of himself, or his clients; that Delbert S. Cohon has perpetrated a fraud upon this Court, and is guilty of contempt, and accordingly, the Court fines Delbert S. Cohon Fifty Dollars ($50.00), and sentences the said Delbert S. Cohon to ten (10) days in County Jail, said days to run concurrently with the ten (10) days sentence in the other nine cases on hearing on this date. The execution of the ten (10) days sentence in the County Jail will be withheld until 2:30 P. M. on December 2, 1954, and said sentence of ten (10) days in County Jail will be suspended if on or before 2:30 P. M. on December 2nd, 1954, the said Delbert S. Cohon is able to and does dismiss, with the consent and approval of the plaintiff, the within case with prejudice. The Court finding that the proof of service of statutory demand before attachment, and the affidavit for the attachment of wages in the within case were signed "John Charleston," vacates the order of attachment, and orders the Clerk to return to the defendant the funds held under said attachment. And the Court finding that the verification of the petition is also signed "John Charleston" vacates the judgment entered thereon. Order see journal."

**Sec. 2705.01 R. C.** provides:

"A court, or judge at chambers, may summarily punish a person guilty of misbehavior in the presence of or so near the court or judge as to obstruct the administration of justice."

The word "court" in the field of law is a comprehensive term. It represents the judicial department of government which operates by the method of establishing a tribunal composed of one or more judges attended by proper officers and employees for the public administration of justice. The judge does not constitute the court. The court, in addition to the judge or judges, is composed of the jury, clerks, bailiffs and other attaches, together with the court room and other rooms and halls used for the conductance of the business of the court. When any part of the court is engaged in the prosecution of the business of the court, in accordance with law, the court is there present. (Chapter IX p. 95, National Lawyer's Manual on Contempt by Edward M. Dangel.)

The Supreme Court of the United States in Savin, Petitioner, 131 U. S. 267, para. 2 of the syllabus stated the following:

"Attempting to deter a witness, in attendance upon a court of the United States in obedience to a subpoena, and while he is near the court room, in the jury-room temporarily used as a witness-room, from testifying for the party in whose behalf he was summoned, and offering him, when in the hallway of the court, money not to testify against the defendant, is misbehavior in the presence of the court."

**Beach Jr. v. Beach, 79 Oh Ap 397, para. 1** of the syllabus states:

"In a contempt proceeding neither place nor distance from the court determines whether the act complained of is done constructively in the presence of the court. 'In the presence of the court' is more than the idea of physical propinquity."

The documents and papers here involved were a part of the procedural requirements of the case. They contained affidavits signed by a name that was ficticious and in turn was acknowledged by the attorney in the case as notary public who had full knowledge of the fact that such person did not exist.

Now the administration of justice depends upon the integrity of judicial proceedings and records. Falsification of either not only obstructs the due administration of justice but embarrasses the court as well and brings it into disrespect. The filing of papers with affidavits signed by a name that is fictitious is a fraud upon the court and constitutes misconduct in the presence of the court and as such is punishable by summary action as a contempt since it amounts to the falsification of the judicial process and an obstruction of the due administration of justice. Done by an attorney of the court, it is more reprehensible than by others; for it is an abuse of his office, a betrayal of his trust, a violation of his oath, infidelity to the court to which, and not to his client, his first duty lies and a profanation of the temple of justice.

(U. S. v. Ford, 9 Fed. (2) 990.)

The Supreme Court of Illinois in para. 3 of the syllabus In re Estate of Kelly, 365 Ill. 174 says:

"The act of an attorney in knowingly filing for probate a forged

will and applying for letters testamentary constitutes a direct contempt, as the filing occurs in a place set apart for the use of a constituent part of the court and the fraud attempted is directed against the court itself." See para. 1 also.

We hold, therefore, that the Appellant, Delbert S. Cohon, was guilty of contempt of court in the presence of the court in filing the papers in this case containing affidavits procedurally required by law and signed by a name of a non-existing person and acknowledged by him as notary public, knowing such to be the case, and that the Judge of the Euclid Municipal Court was warranted in punishing him summarily upon learning of this misbehavior on the part of the Appellant.

We believe that our conclusion that the facts before the trial court constituted direct contempt in the presence of the court effectively answers Appellant's claims that:

(a) No citation of charges was filed.

(b) No opportunity was given to appellant to defend any charges.

(c) No contempt was committed in the presence of the court

(d) No fraud had been committed in the presence of the court or upon the court.

The judgment of the Euclid Municipal Court is accordingly affirmed. Exceptions noted. Order see journal.

SKEEL, J, HURD, J, concur.