**Hillsboro v. Cole**
**Case No. 708**
**Highland County (4th)**
**Decided February 27, 1990**
[Cite as 1 AOA 165]

*Counsel for Appellant: Charles H. Wilson, Jr., 108 East Mulberry Street, West Union, Ohio 45693,*

*Counsel for Appellee: Fred J. Beery, City Law Director, 125 North High St., Hillsboro, Ohio 45133.*

GREY, J.

This is an appeal from the judgment of the Hillsboro Municipal Court finding the appellant, Richard Cole, guilty of contempt of court for issuing a personal check to the clerk with a memorandum stating "fucked-up blood test." The appellee, State of Ohio, failed to file a brief in this case. We reverse.

The record reveals the following facts. At approximately 2:40 a.m. on July 17, 1988, Cole was stopped by Patrolman Jon Salyer of the Hillsboro Police Department for driving without headlights. Cole was asked to perform certain field sobriety tests, but did not perform well.

Cole was then asked to take a blood test. He was promised that if the test was negative the charge of driving under the influence would be dismissed. The blood test was negative, however, the charge was not dismissed.

At the pre-trial conference, the parties reached an agreement, that the charge would be dismissed if Cole paid the cost of the blood test. Officer Salyer testified he told Cole that if he did not pay for the blood test an obstruction of justice charge would be filed. The court accepted the agreement and ordered Cole to pay the forty four dollar cost to the clerk of courts. Cole issued his check to the clerk with the memorandum stating "fucked-up blood test." The clerk did not notice the memorandum. However, when the deputy clerk prepared the deposit, she noticed the memorandum and brought it to the attention of the court. The city law director filed a motion to find Cole in contempt of court.

On September 29, 1988, Cole appeared before the court on the charge of contempt. By way of opinion and judgment entry of October 17, 1988, the court found Cole in contempt and ordered him incarcerated for five days and fined the sum of two hundred dollars. The jail sentence was suspended for the purpose of allowing Cole to appeal the judgment.

Appellant has framed his single assignment of error as follows:

"The Hillsboro Municipal Court committed error prejudicial to defendant-appellant by finding defendant-appellant guilty of contempt of court."

Contempts of court are classified as direct or indirect. R.C. 2705.01 is the provision for summary punishment of direct contempt and provides that:

"A court, or judge at chambers, may summarily punish a person guilty of misbehavior in the presence of or so near the court or judge as to obstruct the administration of justice."

In addition to the judge, the court is composed of the jury, clerks, bailiffs and other attaches. See, *Fidelity Finance Co. v. Harris* (1955), 102 Ohio App. 497.

The clerk and deputy clerk were constituent parts of the court. Therefore, the court may punish a person guilty of misbehavior in their presence that obstructs the administration of justice.

The court, in its opinion and judgment entry, found that the issuing of the check with the memorandum impeded it in the function of making its normal daily deposit.

Although the memorandum might have momentarily offended the sensibilities of the deputy clerk, the check was negotiable. Memoranda inserted in a negotiable instrument for mere convenience in matters of reference do not affect negotiability. 11 American Jurisprudence 2d (1963) 226, Bills and Notes, Section 193. The memorandum did not impede the court in making its daily deposit.

Furthermore, the memorandum did not obstruct the administration of justice. Cole did not commit an act of direct contempt.

R.C. 2705.02 is the provision for punishment of indirect contempt, and provided in relevant part:

"A person guilty of any of the following acts may be punished as for a contempt:
"(A) Disobedience of, or resistance to, a lawful writ, process, order, rule, judgment, or command of a court or an officer;"

Cole did not disobey or resist a lawful order of the court. He issued a negotiable check to the clerk for the cost of the blood test.

While the use of the vulgar or the vernacular may be contempt or may not be, see *Cohen v. Calif.* (1971), 403 U.S. 15, for there to be contempt, the contemptuous act must be

directed at the court. Here the arresting officer filed charges after having told Cole he would not if the blood test was negative, and then threatened Cole with additional charges if he refused to pay for the test. Appellant's resentment at his treatment, which from the record before us seems entirely justified, was directed at the officer and not at the court.

Assignment of error one is well taken and is sustained. The decision of the trial court is reversed, and defendant-appellant is ordered discharged.

It is ordered that (appellant) recover of (appellee) his costs herein taxed.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the *Hillsboro Municipal Court* to carry this judgment into execution.

Any Stay previously granted by this Court is hereby terminated as of the date of filing of this Entry.

### JUDGMENT REVERSED

ABELE P.J. Concurs in Judgment & Opinion
HARSHA, J. Concurs in Judgment Only, with attached Opinion

HARSHA, J., Concurring in Judgment Only:

I concur in judgment only on the grounds of App. R. 18(C) which provides in pertinent part that upon appellee's failure to file a brief, this court may reverse the trial court's judgment if appellant's brief reasonably appears to sustain such action.