In the Matter of the APPLICATION of John D. HARRIS. d. b. a. Anchor Liquor Store, for Transfer of Liquor License No. 5636.

L. B. & W. No. 3964.

District Court, Alaska. Third Division. Anchorage.

Nov. 5, 1954.

John S. Hellenthal, Anchorage, for applicant.

William T. Plummer, U. S. Atty., Anchorage, for the United States.

McCARREY, District Judge.

Territorial retail liquor license number 5636 was issued to Peter J. Dykes, doing business as Anchor Liquor Store for the year ending December 31, 1954. Mr. Dykes died before the period set for the expiration of the license had ended, leaving a will which was admitted to probate in the Anchorage Precinct. A sale was held of certain assets of the estate pursuant to a power of sale contained in the will, and one John D. Harris purchased said liquor license. On October 21, 1954, Mr. Harris applied to the Clerk of this court for transfer of the liquor license to him. The application was noticed for hearing on the 4th day of November, 1954. John S. Hellenthal appeared as attorney for the applicant, and William T. Plummer, U. S. Attorney, appeared in opposition to the granting of the application.

While counsel argued other characteristics of a liquor license, most of which were the subject of a former opinion rendered by this court, United States v. Bordenelli, 15 Alaska 88, their arguments were not germane to the issue before us. The sole question to be determined here is whether a liquor license of a deceased licensee is transferable.

Counsel agree that the general rule is that liquor licenses, in absence of a statute permitting transfer, are not transferable, either voluntarily or involuntarily. Counsel for the applicant, however, relies on sections 35–4–13 and 35–4–19,

A.C.L.A.1949, as abrogating the general rule and permitting transfer of the license from the decedent to his estate by operation of law. The relevant portion of Section 35–4–13 provides:

" * * * No license issued under the provisions of this Act shall be transferred except after first securing the consent of the Court. * * * "

Section 35–4–19 provides:

" * * * and no licenses shall be transferred by the licensee to any other person except with the written consent of the Court, but authority for the same shall issue upon application thereto in writing."

The government, on the other hand, contends that the license, being a personal privilege, expired with the licensee, and that the statutes permitting transfer above referred to do not change the general rule where the situation involves a transfer by operation of law.

 This court agrees with the government. To do otherwise would be to support the theory that a liquor license is more than a personal privilege and a species of property, to which this court cannot adhere in view of the multitude of authorities to the contrary. 48 C.J.S., Intoxicating Liquors, § 109, p. 228. Rather, it seems more reasonable to apply the general rule in this situation and restrict the application of the statutes providing for transfers to a voluntary inter vivos transfer. Therefore, the application is hereby denied.