Tony **BORDENELLI** and Eyvohn Bordenelli, Appellants,

v.

**UNITED STATES** of America, Appellee.

No. 14534.

United States Court of Appeals Ninth Circuit.
April 4, 1956.

Wilson & Wilson, T. Stanton Wilson, Anchorage, Alaska, for appellants.

William T. Plummer, U. S. Atty., Lynn W. Kirkland, Asst. U. S. Atty., Anchorage, Alaska, for appellee.

Before STEPHENS, ORR and FEE, Circuit Judges.

JAMES ALGER FEE, Circuit Judge.

This is an appeal from an order of a District Judge of the Territory of Alaska refusing to permit further operation of beverage dispensary or retail liquor establishment by licensees.

The history of the transaction is quite confusing.

On March 13, 1953, the Bordenellis filed an application for an "L. B. & W. license" under File No. 3750. On May 27, the Bordenellis moved to withdraw the first petition without prejudice of the right to make another application, which motion was granted June 16, 1953. On June 29, a supplemental petition was filed, upon which a judge of the Territory issued a license upon July 21. On September 5, 1953, an order to show cause why the license should not be revoked was issued to the Bordenellis by a third judge. The grounds of the revocation were:

"(1) No application was on file, the original having been denied and withdrawn.

"(2) No hearing upon any application was set.

"(3) The protestants were not notified.

"(4) The Court failed to consider any application before granting the license.

"(5) The Court failed to consider the protests on file.

"(6) The census and list of process consenting to the issuance of the license failed to comply with the law which became effective June 30."

On October 12, 1953, that judge revoked the license, and subsequently, on December 4, 1953, denied a motion to reopen the matter.

The Bordenellis applied for renewal of license for 1954. Upon hearing, an order was issued on December 31, 1953, directing the clerk to issue a license. The license was issued the same day. The Bordenellis were ordered to show cause why this latter license should not be cancelled. A hearing was had before a fourth judge and an order was entered July 27, 1954, vacating the license for 1954. This appeal is from the latter order.

The last judge stated the question as follows:

"Are the applicants entitled to a renewal of their liquor license for the year 1954 as contemplated by Section 35–4–15 of the 1949 Compiled Laws of the Territory of Alaska as amended by Chapter 116

of the 1953 Session Laws of the Territory of Alaska, after the 1953 license was once issued and then later revoked?"

The difficulty arises from the fact that Chapter 116 of the 1953 Session Laws of the Territory of Alaska amends A.C.L.A. § 35–4–15, to provide that no such license shall issue for sale of intoxicating liquor within a quarter of a mile from any school ground or church building located outside the limits of an incorporated municipality. Under the former statute, a dispensary was only required to be two hundred feet away. It is admitted that the licensed premises were within a quarter of a mile from a school outside an incorporated municipality. However, the amending statute also provided:

"A license may be reissued for the sale of intoxicating liquor in any building in which such sale was authorized by law at a time subsequent to March 23, 1949."

The judge who heard the application for cancellation held that the previous license issued July 21, 1953, and revoked October 12, 1953, did not legally authorize sale of liquor in the premises in question and that therefore the purported "reissue" or "renewal" on December 31, 1953, was annulled.

The United States Attorney has moved to dismiss the appeal. The grounds of this motion are that the order of October 12, 1953, which revoked the license, was the only final order in this case, and, since it was not appealed from, the Court has no jurisdiction. There is, of course, ground for this argument. The renewal of that license could not be accomplished if the license itself had been utterly destroyed by revocation of October, 1953. The license for 1954 would have been void and the judge could have expunged the order granting the renewal as void. Furthermore, there may be other bases on which to sustain the motion. However, we do not immediately decide either of these points.

Congress has been empowered by the federal Constitution to "make all needful Rules and Regulations respecting the Territory * * * belonging to the United States." [1] Therefore, it was competent for Congress to define the jurisdiction of any courts so created in a territory or to empower the territorial legislature to define such jurisdiction.[2] But, of course, if Congress did delegate such authority to the territorial legislature, it was incumbent upon that body to stay strictly within the limits of the power granted. Unless, therefore, an express and specific direction to the legislature of Alaska can be pointed out whereby Congress permitted that body to burden courts or judges with administrative duties, the power did not exist, and any attempt to do so would be void. Congress only gave to the territorial legislature permission to regulate the liquor traffic in a specified manner. This legislature, therefore, has, in burdening the District Courts and the judges thereof with the responsibility in the first instance of granting, refusing or revoking liquor license, violated the letter of the Alaskan Organic Act and the clear intent of Congress.

In 1934, Congress enacted legislation which marks the extent of the power of the territorial legislature to regulate and control liquor traffic as follows:

"No spirituous or intoxicating liquors shall be manufactured or sold in the Territory of Alaska except under such regulations and restrictions as the Territorial Legislature shall prescribe, and the Legislative power and authority conferred upon the Legislative Assembly of the Territory of Alaska"

by the acts organizing the territory and general legislation relating to the structure and powers of the government of the area

" * * * shall be, and is, extended to include any legislation pertaining to the manufacture or

---

1. Article 4, § 3.

2. Leitensdorfer v. Webb, 20 How. 176, 182, 61 U.S. 176, 182, 15 L.Ed. 891.

sale of spirituous or intoxicating liquors within the said territory, and any provision contained in the said sections, in conflict herewith, is expressly repealed: *Provided, however*, That the Legislature of the Territory of Alaska shall have full power and authority to delegate the powers conferred to any board or commission designated or created by the legislature for such purpose, which powers shall include the powers to make rules and regulations governing the manufacture, barter, sale, or possession of spirituous or intoxicating liquors in the Territory * * * to prescribe the qualifications of those who are to engage in the manufacture, barter, sale * * and to prescribe license fees and excise taxes therefor * * *." 48 U.S.C.A. § 292.

On the same day, Congress adopted another section, which reads:

"The act of the Territorial Legislature of Alaska entitled 'An Act to create the board of liquor control and prescribe its powers and duties', approved May 4, 1933, contained in the Session Laws of Alaska, 1933, being chapter 109 thereof, at pages 193–194, be, and the same is, ratified and approved, and the board thereby created shall have the powers and the authority conferred upon it by the said act. And any person, firm, or corporation, who shall violate any of the rules or regulations prescribed by the said board governing the manufacture, sale, barter, and possession of intoxicating liquors in the Territory of Alaska, or the qualifications of those engaging in the manufacture, sale, barter, and possession of such liquors in the said Territory, or the payment of license fees and excise taxes therefor, shall be deemed guilty of a misdemeanor, and upon conviction thereof shall be punished as provided in section 2072 of the Compiled Laws of Alaska." 48 U.S.C.A. § 293.

These positive enactments should be construed in the light of 48 U.S.C.A. § 91, which states that nothing in other sections of the Organic Act

"shall be so construed as to prevent the courts of Alaska from enforcing within their respective jurisdictions all laws passed by the legislature within the power conferred upon it, the same as if such laws were passed by Congress, nor to prevent the legislature passing laws imposing additional duties, not inconsistent with the present duties of their respective offices, upon the governor, marshals, deputy marshals, clerks of the district courts, and United States commissioners acting as justices of the peace, judges of probate courts, recorders, and coroners, and providing the necessary expenses of performing such duties."

The language of the above section makes a clear dichotomy between judicial duties and administrative duties. The judicial duties are specifically stated to be given to the court, but the legislature was given no power to impose additional duty, not judicial, upon the courts or the judges. The statute specifies that such additional duties, not judicial, may be imposed only upon certain officers connected with the courts, namely, "marshals, deputy marshals, clerks of the district courts, and United States commissioners." And with respect to the regulation of liquor traffic in particular, we have found that the Congress conferred specific authority upon the legislature of Alaska to "designate or create" a "board or commission" to regulate the liquor traffic and prescribe not only the qualifications of those who are to engage therein, but the license fees and excise taxes therefor. This enactment clearly foreshadowed the erection of an independent body and not the designation of a court to exercise these functions.

However, in the years between 1937 and 1953, the territorial legislature departed from this basic plan and authorization granted by Congress and adopted new legislation which placed licensing

in the hands of the clerks of the District Courts only "in compliance with the order of the Court or Judge thereof duly made and entered." A.C.L.A.1949, § 35–4–12. Thereafter in 1953, the territorial legislature departed entirely from the original scheme authorized by Congress and repealed the law specifically approved by Congress in 48 U.S.C.A. § 293, quoted above, which established a "Territorial Liquor Control Board" for the government of liquor traffic in the territory.[3]

A salient circumstance is the fact that the laws of the State of Oregon have been adopted as the pattern for the laws of Alaska since the organization of the territory. It seems plausible then that Congress, in providing for regulation of the liquor traffic and licensing in accordance with the tradition, envisaged a control system like that of Oregon.[4] Under that system, the state liquor commission exercises such functions and grants, suspends and revokes licenses of applicants. In a case where the Oregon State Liquor Commission denied the applicant a license on the ground that " 'the license is not demanded for public convenience or necessity' " alone, it was said that, "in granting or refusing liquor licenses, the Commission is concerned primarily in ascertaining and promoting the public interest. Its inquiries and investigations in that connection are more in the nature of administrative police functions, rather than inquiries into disputed private rights."[5]

It was clearly held that the judicial function is entirely separate and apart from the exercise of this administrative discretion. By the subsequent legislation, the original scheme was departed from. The powers and duties were taken from the administrative body which Congress intended should discharge them. Thereafter, the board was abolished. The attempt was then made to repose the entire task in the territorial courts or judges. The limits of the authority conferred upon the territorial legislature were thus transcended, but such a usurpation of power is unavailing. Insofar as the legislation went beyond the limits of the governing statute of Congress, it was void.

The proceedings in this case were apparently in accordance with that provision of the statute of the territory regulating liquor dispensation relating to the revocation of licenses. This paragraph appears as an integral part of the enactment known as the "Territorial Liquor Act" of 1937. It appears embedded in a section entitled "Classification of Licenses: Rights and duties of licensees: Amount of fees." A.C.L.A. § 35–4–21. The section prescribed various qualifications necessary for the issuance of a beverage dispensary license. The text reads as follows, eliminating portions which are not presently material:

"The following licenses may be obtained from the Clerk of the District Court:

\* \* \* \* \* \*

"The Judge of the District Court for the Territory of Alaska is hereby empowered and authorized to revoke any license hereafter granted, as well as those now issued. Complaints for revocation of licenses under this Act shall be filed by the U. S. Attorney, his assistants or any Federal or any Territorial Enforcement Officer. Such complaints shall be filed with the Clerk of the U. S. District Court. Upon such complaint being filed, duly verified, the U. S. District Judge shall issue an order to show cause against the licensee and upon hearing the same, or upon default of the licensee, the said Judge shall issue his judgment and order in the matter.

"Penalty for violation of any of the provisions of this Act shall be as follows:

\* \* \* \* \* \*

3. Session Laws of Alaska, 1953, Ch. 43, pp. 109–110.

4. Oregon Revised Statutes, Ch. 471.

5. Olds v. Kirkpatrick, 183 Or. 105, 112, 191 P.2d 641, 644.

"For the third violation, the bond shall be forfeited, the license cancelled and the premises abated for one year for use as a beverage dispensary.

"The holder of any license which has been revoked as herein provided shall not be entitled to apply for and receive another license under this Act for a period of five years from the date of the Order of Revocation."

It has generally been held that the revocation of a liquor license is an act of the sovereign. The power to grant such a privilege and to prescribe the limits of the exercise in a field where absolute prohibition is possible is an attribute of sovereignty. The revocation thereof is an act which is characterized by the same inherent quality. That which the sovereign grants may be taken away by the same power. There is no vested right in the grant or in its continuance. And, although Congress could have expressly reposed authority in this regard in any official body, it seems clear the control of liquor traffic was considered an administrative or legislative function. It also seems clear that Congress expressly withheld from the legislature authority to invest the judge with such duties. The discretion exercised in granting or revoking a license to sell intoxicating liquor is not a function of the judiciary but an exercise of ultimate severeignty commonly designated as the police power. The province of a court or judge is not to exercise such power in the first instance, but to hear and determine in a case or controversy between adverse parties constitutional or legal questions as to the grant or refusal of such a privilege to a designated person.

Revocation of a liquor license is almost universally held to be an administrative act,[6] although it has been held that where a statute expressly designates a judicial proceeding to accomplish the result, it can be upheld.[7] It may be contended, therefore, that revocation of a liquor license in these proceedings brought by the United States Attorney is judicial in its nature. This is unsound. The whole pattern of the enactment shows that it was the attempt to confer upon the court or judge the administrative functions which Congress had designed for an administrative board or commission. The procedure for the United States Attorney is laid down in the Act. Revocation was to be granted where there was default or upon a hearing. A rigid necessity for cancellation in case of a third violation was established. Otherwise, the discretion of the sovereign to revoke in the case that the license was not demanded by public convenience or necessity or where the statutory conditions had not been complied with seems to have been vested in the judge.[8] The licensing of establishments for dispensing intoxicating liquors is almost universally considered a part of the administrative process. The exercise of discretion by the licensing official is a sure indication that his powers are not judicial.

Because the territorial legislature had no power to impose the duty of revoking administratively a liquor license, we hold neither the court nor the judge had any power to perform the administrative act of revocation. Therefore, if the other points suggested above were not valid, still this Court has no jurisdiction.

The appeal is dismissed on this ground of our own motion.

6. Olds v. Kirkpatrick, 183 Or. 105, 191 P.2d 641; Cromwell v. Jackson, 188 Md. 8, 52 A.2d 79.

7. McCrea v. Roberts, 89 Md. 238, 43 A. 39, 44 L.R.A. 485.

8. Cf. In re Alaska Labor Trades Association, Inc., 10 Alaska 472; In re Ashland, 4 Alaska 486.