In the Matter of the ISSUANCE OF LIQUOR LICENSES BY the CLERK OF COURT.

Civ. No. 13198.

District Court, Alaska. Third Division, Anchorage.

March 20, 1957.

McCARREY, District Judge.

Mr. William A. Hilton, Clerk of the U. S. District Court for the Third Judicial Division of the Territory of Alaska, has filed the following petition:

> "Whereas, it has come to my attention that licenses for the sale of intoxicating liquors in the Third Judicial Division, Territory of Alaska, for the year 1957 have been and are now being issued and executed by the Clerk of the District Court for the First Judicial Division in the following manner:

> " 'J. W. Leivers,
> Clerk of the District Court
> of Alaska, First Division
> By R. D. Bringdall, Deputy.
> Issued at Juneau, Alaska.', and

> "Whereas, since the rendition of decision by the United States Court of Appeals, Ninth Circuit, San Francisco, California, in the Bordenelli case, dated April 4, 1956, I, as Clerk of the Third Judicial Division, have declined to issue all licenses for the sale of such liquors, believing that the decision of the appellate court above mentioned included the Clerks of Court, and

"Whereas, it is absolutely necessary that I be judicially informed as to my duties in the matter of the issuance of such licenses owing to the importance thereof to all manufacturers, retailers and the public,

"Now, therefore, I very respectfully petition this court for a ruling on the question and for instructions pertaining to my official duties in reference to the issuance of such licenses.

"Dated at Anchorage, Alaska, this 15th day of March, 1957."

The only issue conceivably raised by this petition is whether, under the existing law, the Clerk of the Court may issue and regulate liquor licenses. It is apparently admitted and, certainly, beyond question that the Judge of the District Court is wholly precluded from engaging in this type of activity by the decisions of the Court of Appeals for this circuit in Bordenelli v. United States, 9 Cir., 1956, 233 F.2d 120, 16 Alaska 185, and Boggess v. Berry Corporation, 9 Cir., 1956, 233 F.2d 389, 16 Alaska 256. In the Bordenelli case, the Court of Appeals ruled that the present territorial legislation pertaining to liquor licensing, A.C.L.A.1949, § 35–4–11 et seq., was invalid because of an improper delegation of non-judicial duties upon the district courts of the Territory. Since this legislation places the primary duty of regulation on the district judge (see §§ 35–4–12, 35–4–13, 35–4–14 and 35–4–21), the effect of the decision would certainly seem to invalidate the Act in its entirety.

Naturally the learned judges of the Court of Appeals are in the best position to determine what they intended by their decision. However, since the Clerk of this Court has now requested a determination, I have no other recourse but to consider the context of the opinion.

In the Bordenelli case, the Court of Appeals referred to the "court or judge" at least seven different times. I refer to several of these instances, as follows:

"Unless, therefore, an express and specific direction to the legislature of Alaska can be pointed out whereby Congress permitted that body *to burden courts or judges* with administrative duties, the power did not exist  *  *  *.

"The language of the above section makes a clear dichotomy between judicial duties and administrative duties. The judicial duties are specifically stated to be given to the court, but the legislature was *given no power to impose additional duty*, not judicial, *upon the courts or the judges*."

"The attempt was then made to repose the entire task in the *territorial courts or judges*."

"The *province of a court or judge* is not to exercise such power in the first instance.  *  *  * " (Emphasis supplied.)   [233 F.2d 122, 124, 125]

Assuming that the Court had used this mode of construction once, one might conclude that "court or judge" meant one and the same thing. However, since the Court used the same grammatical construction numerous times, this Court can only conclude that the Court of Appeals intended that they be two separate and distinct subjects.

■ The term "court" has been defined to include not only judges, but also judicial officers assisting him in the administration of his duties. Hertzen v. Hertzen, 1922, 104 Or. 423, 208 P. 580. In the words of the North Dakota Supreme Court in State ex rel. Bockmeier v. Ely, 1907, 16 N.D. 569, 113 N.W. 711, 716, 14 L.R.A.,N.S., 638:

"The judge does not alone constitute the court. It takes, not only the judge, but also the subordinate officials and all the machinery, to make a court."

Again in Fidelity Finance Co. v. Harris, 1955, 126 N.E.2d 812, 814, the Court of Appeals of Ohio stated:

> "The word 'court' in the field of law is a comprehensive term. It represents the judicial department of government which operates by the method of establishing a tribunal composed of one or more judges attended by proper officers and employees for the public administration of justice. *The judge does not constitute the court. The court, in addition to the judge or judges, is composed of the jury, clerks, bailiffs and other attachés,* together with the court room and other rooms and halls used for the conductance of the business of the court." (Emphasis supplied.)

I am unable to agree with interpretations suggested which would allow the clerks of the court to continue to perform duties under the Act even though the portions pertaining to regulation by the district judge are admitted to be invalid. It is my opinion that this type of piecemeal invalidation is not remotely suggested by the Court of Appeals in the Bordenelli case. The language of that Court is certainly repugnant to such an interpretation.

This is not to say that the Bordenelli case precludes the imposition of non-judicial duties on every appendage of the district court, because they expressly state otherwise. However, I think it does clearly indicate their intention to relieve these officers of the duties imposed by the present law here in all the Territory of Alaska.

Provision for lawful liquor sale licensing in Alaska is a matter for determination by the territorial legislature. In view of the fact that licenses have been issued by the clerk of the court for many years, and continue to be issued in some courts here in the Territory of Alaska in spite of the Ninth Circuit Court's ruling in the Bordenelli case, supra, I am of the opinion that full enforcement of

the law of that case, while mandatory, may properly be delayed until the territorial legislature has had reasonable opportunity to pass legislation to carry out the intent of Congress as interpreted in Bordenelli v. United States. Unless such legislation is enacted, pursuant to the mandate of Congress, 48 U.S.C.A. § 292, prior to the 1st day of April, 1957, the Clerk of this Court is hereby directed to discontinue, as of said date, any administrative functions with respect to liquor licenses. Any controversies arising by reason of licenses unlawfully issued, transferred or acted upon within this division will be considered as they arise.