SECRETARY OF THE TREASURY OF THE UNITED STATES OF AMERICA, Plaintiff,

v.

ALASKA PLYWOOD CORPORATION, a corporation; United States of America; Territory of Alaska; Employment Security Commission of Alaska; and George W. Rogers, Trustee of Alaska Plywood Corporation, a corporation, Defendants.

No. 7829–A.

District Court, Alaska,
First Division, Juneau.

Dec. 2, 1958.

Robertson, Monagle & Eastaugh, by M. E. Monagle, Juneau, Alaska, for plaintiff.

Faulkner, Banfield & Boochever, by F. M. Doogan, Juneau, Alaska, for defendant Alaska Plywood Corporation.

Roger G. Connor, U. S. Atty., and Jerome A. Moore, Asst. U. S. Atty., Juneau, Alaska, for defendant United States of America.

J. Gerald Williams, Atty. Gen., Territory of Alaska, by Jack O'Hair Asher, Juneau, Alaska, for defendant Territory of Alaska.

Dickerson Regan, Juneau, Alaska, for defendant Employment Security Commission.

Thomas B. Stewart, Juneau, Alaska, for defendant George W. Rogers, Trustee of Alaska Plywood Corporation.

KELLY, District Judge.

This matter has been brought before this Court for the determination of the priority of the various liens involved herein, and briefs have been submitted by the Alaska Employment Security

Commission, the Assistant United States Attorney, representing the United States in connection with federal tax liens, and the Secretary of the Treasury as the holder of the real estate mortgage and the chattel mortgages.

The pleadings in this case disclose that the Alaska Plywood Corporation, on February 12, 1953, made, executed and delivered to the Reconstruction Finance Corporation, the predecessor of the plaintiff in this action, a good and sufficient real and chattel mortgage to secure the repayment of the note and the performance of the terms and conditions of the mortgage and note. Said mortgage was recorded as a real property mortgage and filed for record as a chattel mortgage in the Office of the Recorder at Juneau, Alaska, February 25, 1953. On April 2, 1953, the said Alaska Plywood Corporation made, executed and delivered a supplemental chattel mortgage to the Reconstruction Finance Corporation, which supplemental chattel mortgage was filed for record in the Office of the Recorder at Juneau, Alaska, on April 5, 1953. The United States of America filed tax liens against the Alaska Plywood Corporation on and between April 15, 1954, and May 28, 1956. The Employment Security Commission of Alaska filed its liens for contributions during the years 1954, 1955, and 1956. The Territory of Alaska filed its liens during 1955 and 1956. From the pleadings and the briefs filed herein, it is apparent to this Court that the only question here involved is the priority to be given to the Alaska Employment Security Commission's lien for unpaid contributions pursuant to Sec. 523 of the Alaska Employment Security Act (Sec. 51–5–158, A.C.L.A.C.S.1958).

The Employment Security Commission admits that all Employment Security taxes became due after the filing of the R.F.C. mortgage. They also admit that the Commission did not file its liens until after certain of the federal assessment lists had been received by the collector. They also admit that certain tax liens of the Territory, for other territorial taxes, were filed prior to filing of the Employment Security Commission's tax liens under Sec. 514 of the Alaska Employment Security Act. In spite of these admissions, however, the Employment Security Commission claim priority over the mortgage lien and base their claim for priority not upon Sec. 514 and the lien filed thereunder, but upon Sec. 523 of the Act (Sec. 51–5–158 A.C.L.A. C.S.1958) which provides for lien upon all assets of the employer in the event of insolvency which "lien will be prior to all other liens or claims except prior tax liens, liens filed under Section 514 herein, and claims for remuneration of service of not more than $250.00 to each claimant, earned within six months of the commencement of the proceeding. The mere existence of a condition of insolvency * * * shall cause such a lien to attach without action on behalf of the Commission or the Territory."

This section further provides that "In the event of an employer's adjudication in bankruptcy, * * * under the Federal Bankruptcy Act of 1898, as amended (11 U.S.C.A. § 1 et seq.), contributions then or thereafter due shall be entitled to such priority as provided in that Act, as amended."

Proceedings had previously been begun in this court for the reorganization of the Alaska Plywood Corporation under the Bankruptcy Act and these proceedings are entitled "In the Matter of Alaska Plywood Corporation, Debtor," the court number being Bankruptcy–213. No reorganization was perfected and after several unsuccessful attempts, the trustee finally concluded that it would be impossible to reorganize the corporation and so he petitioned for a dismissal of the proceedings, or an order adjudicating the debtor bankrupt under Section 236(2) of the Bankruptcy Act, 11 U.S. C.A. § 636(2). Accordingly, an order was entered by this Court on the 6th day of June, 1958, dismissing the proceeding instituted under Chapter 10 of the Bankruptcy Act, said dismissal to be effective upon the entry of a final decree therein discharging the trustee and closing the estate. This order further

granted leave to the Secretary of the Treasury of the United States, acting through the Office of Defense Lending as successor to the Reconstruction Finance Corporation, to proceed with the foreclosure of its real and chattel mortgages upon the property and assets of the debtor, subject to certain conditions set forth in said order. This Court later, in the above bankruptcy proceeding, in an opinion determining the allowance of certain fees and expenses in connection with the reorganization proceedings, (In re Alaska Plywood Corp., 166 F.Supp. 423) expressed doubt as to whether a sale of the secured assets of the corporation would yield sufficient funds to satisfy the mortgage completely. However, it does not appear that there has ever been an adjudication of the insolvency of the defendant Alaska Plywood Corporation. There has been no distribution of any of the employer's assets pursuant to an order of any court, including any receivership, probate, legal dissolution or similar proceedings, and no assignment for the benefit of creditors, composition, or other similar proceedings.

There is not much doubt, in the Court's opinion, that there will eventually be a complete distribution of the mortgagor's assets by reason of the foreclosure of the mortgage and the sale of those assets. It appears to this Court that where these conditions exist, the federal government is entitled to payment, from available assets, before the Employment Security Commission of the state. Sec. 191 (31 U.S.C.A.) provides as follows:

"Whenever any person indebted to the United States is insolvent, or whenever the estate of any deceased debtor, in the hands of the executors or administrators, is insufficient to pay all the debts due from the deceased, the debts due to the United States shall be first satisfied; and the priority established shall extend as well to cases in which a debtor, not having sufficient property to pay all his debts, makes a voluntary assignment thereof, or in which the estate and effects of an absconding, concealed, or absent debtor are attached by process of law, as to cases in which an act of bankruptcy is committed."

The Employment Security Commission, however, point out that under the territorial law the mere fact of the existence of a condition of insolvency, without any action whatever upon the part of the territory, shall cause a lien to attach and that such lien "will be prior to all other liens or claims except prior tax liens, liens filed under Sec. 514 herein, and claims for remuneration of service of not more than $250.00 to each claimant earned within six months of the commencement of proceedings." The Commission rely heavily upon the decision of the Supreme Court of Ohio in Southern Ohio Savings Bank & Trust Co. v. Bolce, 165 Ohio St. 201, 135 N.E 2d 382, and suggest that this Court arrive at a similar solution in deciding the questions in this case, although the Commission recognizes that the United States Supreme Court, in the case of People of State of Illinois ex rel. Gordon v. Campbell, 329 U.S. 362, 67 S.Ct. 340, 91 L.Ed. 348, held that a state lien for unemployment compensation taxes was not sufficiently perfected to defeat the government's priority. There seems to be no question but that mortgage and judgment liens are of course prior to the federal tax lien by federal law; further, that the federal tax liens are superior to local or state tax liens, and in the Ohio case above cited, the court went further and held that the local or state tax liens were superior to the mortgage and judgment liens by state law.

This Court does not feel that the effort to arrive at some sort of an equitable conclusion or solution, as was attempted by the Supreme Court of Ohio in Southern Ohio Savings Bank & Trust Co. v. Bolce, supra, is the answer to the problem we face, and prefers to follow the reasoning of the United States Supreme Court in the case of People of State of Illinois ex rel. Gordon v. Campbell, supra.

The claim of the Employment Security Commission is inchoate and where such claims have not been perfected by federal standards by reducing the liened property to possession, the federal liens seem to be entitled to priority. United States v. Gilbert Associates, 345 U.S. 361, 73 S.Ct. 701, 97 L.Ed. 1071; United States v. City of New Britain, Conn., 347 U.S. 81, 74 S.Ct. 367, 98 L.Ed. 520; United States v. Scovil, 1955, 348 U.S. 218, 75 S.Ct. 244, 99 L.Ed. 271; United States v. Colotta, 1955, 350 U.S. 808, 76 S.Ct. 82, 100 L.Ed. 725; United States v. White Bear Brewing Co., 1956, 350 U.S. 1010; United States v. Vorreiter, 1957, 355 U.S. 15, 78 S.Ct. 19, 2 L.Ed.2d 23.

Furthermore, under Title 31 U.S.C.A. § 191, when a debtor is insolvent the claims of the United States are entitled to priority.

We therefore hold that the lien of the Alaska Employment Security Commission is not entitled to priority superior to the United States mortgage lien or the United States tax liens herein.