**George H. BENTLEY and H. J. Bentley, Plaintiffs,**

v.

**Robert W. KIRBO et al., Defendants.**

**No. 10069.**

District Court, Alaska,
Fourth Division, Fairbanks.

Dec. 29, 1958.

George B. McNabb, Jr., Fairbanks, Alaska, for plaintiffs.

Jay A. Rabinowitz, Asst. U. S. Atty., Fairbanks, Alaska, for defendant and cross-complainant United States.

Dickerson Regan, Asst. Atty. Gen., for defendant and cross-claimant Alaska Employment Security Commission.

Maurice T. Johnson, Fairbanks, Alaska, for defendant and cross-claimant Fairbanks Independent School District.

Robert J. McNealy, Fairbanks, Alaska, for defendant K & L Distributors, Inc.

HODGE, District Judge.

Plaintiffs in this action secured a judgment against the defendants Frank Caruso, Jack Maitland, and Betty Maitland on July 8, 1958, upon offer of judgment by said defendants pursuant to Rule 68 F.R.Civ.P., 28 U.S.C.A., for indebtedness owing by the defendants to plaintiffs and

for foreclosure of a mortgage covering certain items of such judgment. That portion of the judgment to the effect that the mortgage constituted a lien against the premises described in the complaint paramount to any right, title or interest of the defendants and foreclosing the same was thereafter stricken by Order of this Court pending the determination of the priority of the several liens involved herein, which issue upon hearing was submitted to the undersigned Judge of the above-entitled Court for determination.

The several liens asserted by the complaint and the several cross-claims herein are in substance as follows:

1. Judgment, in favor of plaintiffs and against the defendants Frank Caruso, Jack Maitland and Betty Maitland, this cause, entered July 11, 1958, consisting of five component parts, as follows:

(a) For the sum of $13,580.01, plus interest from July 1, 1958 upon principal sum of $12,259.50, at 8% per annum, representing balance due on promissory note secured by real and chattel mortgage executed by defendants Kirbo, Anne Chepes, and Thomas, covering premises described as the Fireside Club,

and assumed by judgment debtors, dated January 13, 1956, recorded as real estate mortgage and filed as chattel mortgage same date;

(b) In the sum of $458, plus interest from June 30, 1958, at 8% per annum, representing insurance premium paid on mortgaged premises, secured by terms of said mortgage;

(c) In the sum of $7,000, plus accrued interest to July 1, 1958, in the sum of $297.50, plus interest upon principal sum from said date at 6% per annum, on account assignment of proceeds of contract of purchase and sale between defendants Kirbo and Chepes, as sellers, and defendants Caruso and Maitland as purchasers, assignment dated September 15, 1957; contract not recorded;

(d) In the sum of $600, plus interest from July 10, 1958, at 6% per annum, for rentals due under a lease, assigned to plaintiffs, for months of April to July, inclusive, 1958;

(c) For plaintiffs' costs, not taxed.

2. Tax liens of the United States of America, for withholding and income taxes assessed by Commissioner of Internal Revenue against defendants Jack Maitland and Frank Caruso, as follows:

| Lien No. | Period | Amount | Date Assessment List Received | Date Notice of tax lien filed |
|---|---|---|---|---|
| 175,186 | 6–30–57 | $1,856.45 | 8–15–57 | 9–23–57 |
| 180,005 | 9–30–57 | 3,576.16 | 4– 4–58 | 4–30–58 |
| 179,870 | 12–31–57 | 1,593.48 | 2– 7–58 | 4–22–58 |
| 175,387 | 1956 | 564.61 | 8–23–57 | 9–27–57 |

plus interest, penalties and costs provided by law; subject to one year right of redemption;

3. Liens of Employment Security Commission of Alaska, for employer contributions assessed against said defendants under the Alaska Employment Security law, as to which judgment by default entered herein on November 24, 1958, as follows:

| Period ending | Amount | Date lien filed |
|---|---|---|
| 3–31–58 | $315.89 | 5–19–58 |
| 9–30–58 | 437.43 | 8– 8–58 |

plus interest provided by law;

4. Lien of Fairbanks Independent School District, for real estate and personal property taxes assessed against the mortgaged premises for the year 1957, in the amount of $260, plus penalty, $26, and interest to date, $38.32 (Taxes assessed for the year 1958 were also claimed, but have since been paid, and are no longer a matter of claim);

5. Judgment lien in favor of Eve Boyanchek and against defendants Kirbo and Chepes, assumed by above defendants, in Cause No. 8882, this Court, entered and docketed January 21, 1957, in the sum of $2,937.03, plus interest and costs; partially satisfied except for balance of $790;

6. Judgment lien in favor of K & L Distributors, Inc., a corporation, and against said defendants, in Cause No. 9947, this Court, entered June 18, 1958, and docketed June 19, 1958, in the sum of $3,060.83, plus interest and costs.

7. Attachment, of personal property consisting of stock of goods and beverage dispensary license, the personal property of said defendants (not covered by above mortgage), served July 10, 1958, for the sum of $21,935.51.

None of these lien claims are contested except that of the Fairbanks Independent School District. The plaintiffs in reply to such cross-claim admit the assessment and levy of such taxes but deny that any taxes were assessed against the plaintiffs by the School District on this property and allege that the plaintiffs' lien is therefore paramount to such tax lien. Both the plaintiffs and School District have orally moved for summary judgment pursuant to Rule 56 F.R.C.P., which issue needs first to be determined.

It appears from the pleadings and a bill of particulars furnished by the School District that the taxes in question were assessed in the name of the defendants Frank Caruso, Jack Maitland and Betty Maitland, doing business as the Fireside Club, who were then lessees and in possession of the property assessed, and not against the legal owners of said property. The taxes were as-

sessed on August 1, 1957, and notice of levy was given November 1, 1957. The applicable statute which became effective July 1, 1957, is contained in Chapter 174 S.L.A. 57, Sec. 59, being Sec. 37-3-54 A.C.L.A.Supp. This statute provides that property in the School District subject to taxation shall be assessed "in the name of its owner of record" but also provides that the laws relative to the levy and collection of taxes by municipal corporations are extended and made applicable to independent school districts. Sec. 4 of the same Act, being Sec. 16-1-112b A.C.L.A.Supp. provides as to municipal corporations that real property shall be assessed to the owner of record as shown in the records of the United States Commissioner and Ex-officio Recorder of the Precinct and provides further that:

"No assessment be invalidated by a mistake, omission or error in the name of the owner of the real property assessed, if the property is correctly described."

There is no question here but that the property was correctly described.

■ If the quoted provision of the statute is applicable here, such error in the name of the owner of the property does not invalidate the lien of the tax. If not, the common law rule to the same effect would apply, for it is held that in jurisdictions where the tax is assessed against the property, the name of the owner or reputed owner is required as an aid to the identification of the property assessed so that a mistake in the name of the owner or reputed owner or in the name of the person against whom an assessment is made will not invalidate the lien of the assessment. 64 C.J.S. Municipal Corporations § 2048, p. 769; McQuillin, Municipal Corporations, Vol. 16, Sec. 44.104; Hunt v. Dekin, 187 Misc. 649, 64 N.Y.S.2d 187. Therefore, it would appear that the lien of the assessment is valid against the property despite the error in the name of the owner, although doubtless no personal liability may be claimed against the true owner of record as likewise provided by such statute. The motion of the School District

for summary judgment foreclosing the lien of the tax assessed is granted.

■ We come now to the important matter of determining the priority of the several liens. There is no applicable Alaska statute governing this situation nor any reported Alaska decisions on this express subject. With respect to the priority of the lien between the United States and the mortgage and judgment liens the statute is clear. Sec. 6321 Internal Revenue Code of 1954, 26 U.S.C.A. § 6321, provides that all taxes levied under the Internal Revenue Laws shall be a lien in favor of the United States upon all property and rights to property, whether real or personal, belonging to the taxpayer. However, Sec. 6323 further provides that the lien imposed by Sec. 6321 shall not be valid as against any mortgagee or judgment creditor until notice thereof has been filed by the Secretary or his delegate in the office designated by the law of the state or territory in which the property subject to the lien is situate for the filing of such notice, which would be the Recorder for the Precinct. Hence such lien is inferior to the lien of the judgment creditor herein representing the mortgage debt and the lien of any judgment rendered and docketed prior to the filing of such notices of lien.

With respect to the priority of the several tax liens, express provision is made by Congress for priority of debts due to the United States in cases where the person indebted is insolvent. 31 U.S.C.A. § 191; Sec. 3466 Revised Statutes. The application of such statute in cases of bankruptcy is fully discussed in a recent decision of the District Court for the First Division, District of Alaska, in the case of Secretary of the Treasury of the United States v. Alaska Plywood Corporation, 167 F.Supp. 857, in which it is held that under such statute the lien of the Alaska Employment Security Commission is not entitled to priority over tax liens of the United States. However, there is no suggestion in the record of this case that the taxpayers and judgment debtors are insolvent.

■ Under these circumstances and in cases of judicial sale of property it is held that the priority of liens is determined by the principle of "the first in time is the first in right," and that the priority of each statutory lien must depend on the time it attached to the property in question and became choate. United States v. New Britain, 347 U.S. 81, 85, 74 S.Ct. 367, 370, 98 L.Ed. 520; Southern Ohio Savings Bank & Trust Co. v. Bolce, 165 Ohio St. 201, 135 N.E. 2d 382; 30 Am.Jur., Internal Revenue, 276, Sec. 220; Annotation 174 A.L.R. 1398. Hence the Federal tax liens are entitled to priority over the liens of the Employment Security Commission, but not that of the School District.

The liens of the Alaska Employment Security Commission appear to be correctly claimed by counsel as effective in accordance with the dates of filing of notices of such lien. Under the provisions of Sec. 51–5–148 A.C.L.A.Supp., the claim for any contributions due under such Act shall be a lien in favor of the Territory against all the real and personal property of the employer and the real and personal property used with the permission of the owner in prosecuting the business of the employer; but in order to constitute a lien, the commission must file notice thereof with the U. S. Commissioner and Recorder, which then constitutes constructive notice to "subsequent purchasers and encumbrancers."

The statute with relation to the tax lien of the Fairbanks Independent School District provides that the lien of such tax shall be prior to all other liens and encumbrances, except unpaid taxes previously imposed and levied by any taxing unit. Sec. 37–3–54 A.C.L.A.Supp., above. This statute further provides that the liens shall be effective from and after July 1 of the year in which they are levied; but in this instance the taxes were not assessed until August 1 and the lien became effective on that date.

■■ The right of the Legislature to make such tax liens prior to all others, giving them priority over a mortgage or

other lien, appears to be well settled. 51 Am.Jur., Taxation, 881, 887, Secs. 1010, 1016. Hence the lien of the School District is prior to the mortgage debt and judgment liens. However, there is no lien on personal property assessed, prior to distraint.

■ With relation to judgment liens, the Alaska Statute provides that from the date of docketing a judgment in the District Court where rendered, such judgment shall be a lien upon all of the real property of the defendant within the recording district wherein the District Court maintains such judgment docket. Sec. 55-9-61 A.C.L.A.Supp. The priority of such judgment liens depends, therefore, upon the date of entry and docketing of such judgments.

I find, therefore, that the several liens involved in this action are entitled to priority upon judicial sale in the following order:

First. Tax lien of the Fairbanks Independent School District (Item 4, above) for the year 1957, with interest and penalty, lien effective August 1, 1957, limited to real property only, and to that portion of the tax assessed against the real property.

Second. That portion of the judgment rendered herein representing the mortgage debt to plaintiffs, including insurance premiums paid (Items 1(a) and 1(b), above), with interest and costs, against all real property and chattels covered by the mortgage.

Third. Judgment in favor of Eve Boyanchek (Item 5, above), with interest and costs, lien effective Jan. 21, 1957, against real property only.

Fourth. Tax liens of the United States (Item 2, above), with interest, penalties and costs, filed variously from September 23, 1957, to April 30, 1958, against both real and personal property.

Fifth. Lien of the Employment Security Commission of Alaska. (Item 3, above), with interest, filed May 19, 1958, as to both real and personal property.

Sixth. Judgment in favor of K & L Distributors, Inc. (Item 6, above), with interest and costs, lien effective June 19, 1958, against real property only.

Seventh. Attachment of personal property, this cause (Item 7, above), except as to beverage dispensary license discussed below, served July 10, 1958.

Eighth. Those portions of the judgment herein representing assignment of proceeds of contract of purchase and sale, and rentals due under lease (Items 1(c) and 1(d) above), effective July 11, 1958, as to real property only.

Ninth. Lien of the Employment Security Commission of Alaska (Item 3 above) with interest, filed August 8, 1958, as to both real and personal property.

Wherever attorney's fees have been previously allowed as costs as to any of the above items, such may be included in the liens above. No such fees are included or claimed in plaintiffs' judgment herein. Fees may be allowed the cross-claimant Fairbanks Independent School District as prayed for, in accordance with Rule 25 of the rules of this Court. No such fees are claimed by the other cross-claimants herein.

Finally, it appears that a beverage dispensary liquor license issued to the defendants Jack and Betty Maitland and Frank Caruso has been attached by the plaintiffs in this cause, and also by the plaintiff K & L Distributors, Inc., in Cause No. 9947, above referred to, and that in the latter case a bond was posted to release said attachment.

■ It has been held in this jurisdiction that a liquor license is not a property right but a personal privilege, which therefore would not be subject to attachment. United States v. Bordenelli, D.C. Third Div., 15 Alaska 88; In re Application of Harris, D.C. Third Div., 15 Alaska 250. In any event, there is no vested right in the grant or its continuance, Bordenelli v. United States, 9 Cir., 16 Alaska 185, 194, 233 F.2d 120, and this Court is informed that subsequent to such attachments a new license has been issued to the plaintiffs herein covering the same premises by order of the Board

of Liquor Control, pursuant to Chap. 131, S.L.A.1957. Hence aside from those considerations of public interest and public policy which may otherwise prohibit the attachment of such licenses for debt, this question is now moot. Boggess v. Berry Corporation, 9 Cir., 16 Alaska 256, 233 F.2d 389. The attachments must therefore be released, and the bond in Cause No. 9947 exonerated.

Judgment and order of sale amending the judgment entered herein on July 11, 1958, may be presented in accordance with this Opinion. No findings of fact will be necessary.