S. BIRCH & SONS CONSTRUCTION CO., a Montana Corporation, C. F. Lytle Company, an Iowa Corporation, Green Construction Company, an Iowa Corporation, all doing business as Birch-Lytle-Green General Contractors, Plaintiffs,

v.

Ralph C. CAPEHART, doing business as Anchorage Freight Lines, W. A. Stephenson, Frank Jones, Chester W. Goodman Co., James R. Smith, Hayward Lumber & Investment Company, a California Corporation, Joe Morgan, Trustee for the International Brotherhood of Teamsters, Chauffeurs, Warehousemen, and Helpers, Local No. 959, and Employment Security Commission of Alaska, Defendants,

and

United States of America, Defendant and Intervenor.

Civ. No. A–10934.

United States District Court
D. Alaska,
at Anchorage.
April 6, 1961.

Roger Cremo, Anchorage, Alaska, for defendant Chester W. Goodman.

Arthur D. Talbot, Anchorage, Alaska, for defendant James R. Smith.

Philip T. Lyons, Los Angeles, Cal., for defendant Hayward Lumber & Investment Co.

Hartlieb, Groh & Rader, Anchorage, Alaska, for defendant Joe Morgan, Trustee for the International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers, Local No. 959.

Ralph E. Moody, Atty. Gen. of Alaska, for defendant Employment Security Commission.

George M. Yeager, U. S. Atty., Fairbanks, Alaska, for defendant and intervenor United States.

HODGE, District Judge.

This is an action in interpleader under the provisions of Section 1335, Title 28 U.S.C.A., brought by the plaintiffs to determine conflicting claims to monies remaining in its hands representing the balance due the defendant Ralph C. Capehart, d/b/a Anchorage Freight Lines, upon a service contract amounting to $6,075.40, which has been paid into the registry of the court.

The following claims have been filed by answer to the complaint, or, in the case of the United States, by petition in intervention:

W. A. Stephenson: Judgment entered May 20, 1960, in cause No. A–10,149 of the records of the former U. S. District Court for the District (Territory) of Alaska, in the sum of $1,906.71, as to which an attachment was made against the plaintiffs on August 20, 1954.

Chester W. Goodman: Judgment entered May 2, 1958, in cause No. A–11,765, records of the former U. S. District Court, in the amount, with interest and costs, of $1,734.45.

James R. Smith: Judgment entered March 3, 1955, in cause No. A–10,447, records of the former U. S. District Court, in the amount, with interest and costs, of $2,749.98. Execution issued April 21, 1955; levy made April 22, 1955.

Hayward Lumber & Investment Company, by virtue of an assignment from Capehart dated August 3, 1954, in the sum of $3,000.

Joe Morgan, Trustee for the International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers, Local No. 959: Wages as holiday pay for the month of May, 1954, in the sum of $495.60, as to which there is no judgment or other lien.

Employment Security Commission of Alaska: Unemployment insurance contributions upon assessments December 31, 1953 to December 31, 1954, with penalty and interest, $1,048.74, as to which no lien has been filed.

United States of America: Tax liens for withholding, income, FICA and excise taxes, as to which liens have been filed as follows:

| Lien No. | Filed | Assessment Date | Amount | |
|---|---|---|---|---|
| 27648 | Jan. 8, 1954 | Nov. 20, 1953 | $ | $ 1,860.29 |
| 29770 | Oct. 11, 1954 | Mar. 16, 1954 | 1,377.77 | |
| | | Apr. 9, 1954 | 257.85 | |
| | | Mar. 11, 1954 | 322.80 | |
| | | | | 1,958.42 |
| A-257-55 | May 25, 1955 | Feb. 23, 1955 | 3,892.77 | |
| | | Feb. 23, 1955 | 1,555.40 | |
| | | Feb. 23, 1955 | 1,767.41 | |
| | | | | 7,215.58 |
| | | Total | | $11,034.29 |

The Goodman claim is rather involved. The judgment entered in cause No. A–11,765 provided that payment of the judgment in such cause be made out of the funds in the registry of the court in this cause, which was paid on May 5, 1958. Thereafter Goodman was dismissed as a defendant in this case upon his disclaimer. Upon motion of the United States, that portion of the judg-

ment rendered in cause No. A–11,765 directing that the judgment be paid out of the registry of the court was vacated by order entered January 3, 1961, and the defendant Goodman reinstated as a party defendant in this case.

On June 7, 1958, an order was entered discharging the plaintiffs from further liability in the cause and awarding plaintiffs costs and attorney's fees amounting to $603.30, payable out of the registry of the court, which was paid, leaving a present balance in the registry fund of $3,737.65.

Upon pre-trial conference held, the matter of the priority of the several claims was submitted by the parties to the Court for determination as a matter of law.

Section 6323, Title 26 U.S.C.A., provides that the lien imposed by Section 6321 in favor of the United States for the collection of unpaid taxes shall not be valid as against any mortgagee, pledgee, purchaser or judgment creditor until notice thereof has been filed by the Secretary or his delegate in the office designated by the law of the state or territory in which the property subject to the lien is situated. The liens claimed by the United States herein were so recorded in the office of the Recorder for Anchorage Precinct, Territory of Alaska, being the office so designated by territorial law, on the dates indicated.

■ It is held that in the absence of a showing of insolvency the priority of statutory liens is determined by the principle of "the first in time is the first in right" and that the priority of each lien must depend upon the time it attached to the property in question and became choate. Bentley v. Kirbo, D.C.Alaska, 169 F.Supp. 38, citing United States v. City of New Britain, 347 U.S. 81, 85, 74 S.Ct. 367, 98 L.Ed. 520.

■ With regard to the several judgments, the general rule is that personal property of a judgment debtor is not subject to liens predicated upon the rendition or entry of judgment unless made so by statute, but that such prop-

erty is subject to liens predicated upon an execution and a levy thereunder. Miller v. Bank of America, N. T. & S. A., 9 Cir., 166 F.2d 415, 418. By statute in Alaska a judgment when docketed becomes a lien upon the real property of the judgment debtor only, but when a writ of execution is levied upon any such property the lien of the judgment attaches. Sections 55–9–61 and 55–9–80, A.C.L.A.1949. Execution was issued on the Smith judgment on April 21, 1955, upon which return was made by the U. S. Marshal showing a levy made on April 22 but that the monies owing by plaintiff to Capehart were claimed by various parties, and were being deposited in the registry of the court in this action, which constitutes a sufficient levy in this instance. Therefore it appears that the lien of this judgment is entitled to priority over the tax lien of the United States filed May 25, 1955, but not as against the tax liens filed on January 8, 1954 and October 11, 1954.

■ As to the Stephenson judgment, no such execution or levy was made or attempted, although an attachment was made prior to judgment. It is well settled that a tax lien of the United States is entitled to priority over an attachment lien created pursuant to state law if the federal lien is recorded prior to the date when the attaching creditor obtains judgment. Narragansett Bay Gardens, Inc. v. Grant Const. Co., D.C., 176 F. Supp. 451; United States v. Hawkins, 9 Cir., 228 F.2d 517. This judgment is therefore not entitled to priority over the tax liens and is inferior to the lien of the Smith judgment.

No execution or attachment was issued or levied upon the Goodman judgment. The collection out of the registry fund being erroneous and having been set aside, no lien could attach by reason of such.

■ The assignment from Capehart to the Hayward Lumber & Investment Company did not make this claimant a "purchaser" within the meaning of Section 6323. United States v. Chapman,

10 Cir., 281 F.2d 862, 869. As the tax assessments were prior in time to the assignment, this claim is not entitled to priority over the tax liens. Neither does it constitute a lien against the fund prior in right to the Smith judgment. If a contractural lien was intended, no action had been taken to perfect it. United States v. Chapman, supra.

There is no indication that the claim of Joe Morgan, Trustee, against Capehart was ever liquidated, acknowledged or made choate, or constitutes a lien upon the fund. Hence it is not entitled to priority.

By Alaska statute the claim for any unpaid contributions under the Alaska Employment Security Act becomes a lien against the personal property of the employer only where the Commission files a notice of such claim with the Recorder of the Recording District in which said property shall then be situated. Section 51-5-148, A.C.L.A. Cumulative Supplement. This statute, being Chapter 5, First Extraordinary Session, S.L.A.1955, was in force at the time of the filing of this action and the claim of the Employment Security Commission. No such lien appears to have been filed. Therefore this claim is not entitled to priority over the tax liens or the judgment lien.

### Conclusion.

The United States, as intervenor, is entitled to judgment against the defendant Chester W. Goodman in the sum of $1,-734.45, to be refunded to the registry of the court and credited to this case.

The claimants are entitled to priority of payment out of such registry fund in the following order:

(1) Liens numbers 27,648 and 29,770 of the United States for income and withholding taxes, totaling $3,818.71.

(2) Judgment lien of James R. Smith, $2,749.98.

As this will exhaust the fund, no further consideration need be given to the matter of priority of the other liens.

Judgment may be entered in accordance with this opinion. It is requested that the United States Attorney prepare such judgment. No findings of fact or conclusions of law will be necessary.

No costs to the claimants appear to be involved. An Attorney's fee having been included in the Smith judgment, no further fee should be allowed.